**Russel J. BESECKER, III, Plaintiff–Appellant,**

v.

**STATE OF ILLINOIS, Defendant–Appellee.**

No. 92–3278.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 2, 1993.

Decided Jan. 12, 1994.

**310**

Allen E. Shoenberger, Loyola University School of Law, Chicago, IL, for plaintiff-appellant.

Before POSNER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.

PER CURIAM.

Plaintiff John Besecker appeals from the denial of his motion to proceed *in forma pauperis* in the district court. *See* 28 U.S.C. § 1915. On January 11, 1993, a judge of this court granted him leave to proceed *in forma pauperis* to seek review of the determination of the district court. We now remand the case to the district court for further proceedings.

The September 2, 1992 order of the district court that denied leave to proceed *in forma pauperis* gives no reason for the court's action. When the basis of the decision on a motion for leave to proceed *in forma pauperis* is not evident from the record, it is incumbent on the district court to provide a sufficient explanation for its ruling to allow meaningful review by the court of appeals. *Jones v. Morris*, 777 F.2d 1277, 1281 (7th Cir.1985). Here, there is one obvious flaw in the complaint; it purports to bring an action against the State of Illinois. The State is not subject to suit in a United States court by virtue of the jurisdictional limitation imposed by the Eleventh Amendment. We have held, however, that the failure to name an appropriate party as the party defendant ought not be fatal to a motion to proceed *in forma pauperis* when the complaint could be amended to name an appropriate party. *See Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir.1993) (per curiam). Therefore, unless the defendant has been given the opportunity to amend the complaint, this defect, standing alone, cannot support the district court's action.

Although not provided to us by the plaintiff or by his appointed counsel, our research has revealed three other cases in which the plaintiff appears to have addressed the same issues as he now tenders in the present complaint. We respectfully invite the attention of the district court to: 1) *Besecker v. Boyle*, No. 92 C 1497 (N.D.Ill. June 3, 1992), *aff'd, Besecker v. Boyle*, 9 F.3d 112 (7th Cir.1993); 2) *Besecker v. Guynan*, No. 91 C 4444, 1991 WL 152880 (N.D.Ill. July 30, 1991); and 3) *Besecker v. Guynan*, No. 91 C 4916, 1991 WL 164353 (N.D.Ill. Aug. 21, 1991). We note that the Supreme Court has held that, although denial of leave to proceed *in forma pauperis* does not preclude the filing of a later complaint accompanied by the filing fee, it could have a res judicata effect on frivolousness determinations in future *in forma pauperis* petitions. *See Denton v. Hernandez*, —— U.S. ——; ——, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

Accordingly, the judgment of the district court is vacated and the case is remanded for proceedings consistent with this opinion.

VACATED AND REMANDED.