650 A.2d 311

**Jerry Lee TORBIT**

v.

**STATE of Maryland.**

No. 564, Sept. Term, 1994.

Court of Special Appeals of Maryland.

Dec. 6, 1994.

Frances E. Kessler (Joseph B. Tetrault, on the brief), Baltimore, for appellant.

Julia M. Freit, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Argued before BISHOP, BLOOM, and DAVIS, JJ.

BLOOM, Judge.

Appellant, Jerry Lee Torbit II, is a prisoner at the Maryland Correctional Adjustment Center in Baltimore City. Having converted to the Islamic faith, he desires to change his name by formal legal process to Khaliq Al–Shakur Muhammad, a name that he has been using "for a considerable period

of time" while in prison. Accordingly, he filed in the Circuit Court for Baltimore City a *pro se* Petition for Change of Name and Request for Waiver of Publication, pursuant to Maryland Rules BH70, BH72, and BH75, and Maryland Code (1957, 1994 Repl.Vol.), Art. 16, § 123.

Along with his petition, Mr. Torbit filed a motion and an affidavit requesting that the circuit court waive the $80.00 filing fee that is normally required to be paid before an action is docketed. Md.Code (1974, 1991 Repl.Vol.), § 7–202 of the Courts and Judicial Proceedings Article. In his motion, Mr. Torbit stated that he "is unable by reason of poverty to pay the filing fee and any other costs that [the circuit court] ordinarily requires to be prepaid" because he "has inadequate funds and no source of income or property...." On 27 January 1994, the circuit court issued an order that denied Mr. Torbit's motion without explanation. In this appeal from that order, appellant presents the following issues for our consideration:

I. Did the Circuit Court abuse its discretion in denying without explanation a properly made request for waiver of prepayment of filing fees?

II. Does denial of a motion to waive prepayment of filing fees without hearing or explanation violate Art. 19 of the Maryland Declaration of Rights?

We shall vacate the order of the circuit court on the first issue; therefore, it will not be necessary for us to address the second issue.

## *DISCUSSION*

Appellant contends that the circuit court abused its discretion in denying, without explanation, his motion to waive prepayment of the filing fee for a petition for a change of name. He asserts that, because he satisfied the prerequisites to receiving a waiver, the circuit court was required to explain the basis for its ruling.

Maryland law provides a statutory right to a waiver of the prepayment of filing fees for actions in the circuit court in

cases of indigency. Md.Code (1974, 1989 Repl.Vol., 1994 Cum.Supp.), § 7–201 of the Courts and Judicial Proceedings Article. Maryland Code § 7–201 states:

(a) *Payment of required fee.*—Except for an appeal from the State Workers' Compensation commission or an appeal, by an individual claiming benefits, from a decision of the Board of Appeals of the Department of Economic and Employment Development, no case may be docketed and no writ of attachment, fieri facias, or execution on judgment may be issued unless the plaintiff or appellant pays the required fee.

(b) *Waiver in case of indigency.*—The circuit court shall pass an order waiving the payment in advance if:

(1) Upon petition for waiver, it is satisfied that the peti-tioner is unable by reason of his poverty to make the payment; and

(2) The petitioner's attorney, if any, certifies that the suit, appeal, or writ is meritorious.

This statutory provision is implemented by Maryland Rule 1–325(a), which provides as follows:

(a) **Generally.**—A person unable by reason of poverty to pay any filing fee or other court costs ordinarily required to be prepaid may file a request for an order waiving the prepayment of those costs. The person shall file with the request an affidavit verifying the facts set forth in that person's pleading, notice of appeal, application for leave to appeal or request for process, and stating the grounds for entitlement to the waiver. If the person is represented by an attorney, the request and affidavit shall be accompanied by the attorney's signed certification that the claim, appeal, application, or request for process is meritorious. The court shall review the papers presented and may require the person to supplement or explain any of the matters set forth in the papers. If the court is satisfied that the person is unable by reason of poverty to pay the filing fee or other court costs ordinarily required to be prepaid and the claim,

appeal, application, or request for process is not frivolous, it shall waive by order the prepayment of costs.

In the case *sub judice,* appellant fulfilled the requirements of Rule 1–325(a). He filed a motion requesting an order waiving the prepayment of the filing fee for a change of name petition and an affidavit verifying the facts set forth in his motion. Because he was acting *pro se,* his motion and affidavit were not required to be accompanied by an attorney's signed certification that the motion was meritorious. Md.Rule 1–325(a). The circuit court was then required to review the documents filed by appellant and grant his motion if it found that he was too impoverished to pay the fee and that his motion was not frivolous. If the court had insufficient information upon which to make a determination, it could have asked appellant to supplement his motion or conducted a hearing. Md.Rule 1–325(a); *Wigginton v. Wigginton,* 16 Md. App. 329, 333, 295 A.2d 889 (1972). On 27 January 1994, the circuit court issued an order denying appellant's motion without any explanation of the basis for its decision.

Maryland's appellate courts have not addressed the issue presently before us, which is whether the court must state the reasoning behind its decision when denying a motion to waive the prepayment of filing fees under Rule 1–325(a). The United States Court of Appeals for the Seventh Circuit, however, did consider a similar issue in reviewing the denial of a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)[1] in *Besecker v. Illinois,* 14 F.3d 309 (7th Cir.1994) (per curiam). In that case, the court of appeals reviewed a

---

1. That statutory provision provides as follows:

§ 1915. **Proceedings in forma pauperis**

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefore, by a person who makes affidavit that he is unable to pay such costs or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

district court's order denying leave to proceed *in forma pauperis* that failed to state the reasons for the district court's decision. *Id.* at 310. According to the court, when denying leave to proceed *in forma pauperis*, "it is incumbent on the district court to provide a sufficient explanation for its ruling to allow meaningful review by the court of appeals." *Id.* (citing *Jones v. Morris*, 777 F.2d 1277, 1281 (7th Cir.1985)); *cf. Levoy v. Mills*, 788 F.2d 1437, 1438 (10th Cir.1986) (stating that the district court "should furnish a statement of the reasons for finding the complaint to be frivolous" when denying a motion made under 28 U.S.C. § 1915(d) [2]).

Similarly, in *In re Mees*, 465 N.W.2d 172 (N.D.1991), a petition for a statutory name change under North Dakota Century Code § 32–28–02 [3] was denied by an order of the district court, which stated as follows:

> The petition for change of name is denied. The purpose of court approval is to prevent just the kind of thing the petitioner seeks to accomplish.

----

**2.** 28 U.S.C. § 1915(d) provides as follows:

> **(d)** The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

**3.** N.D.Cent.Code § 32–28–02 reads as follows:

> *32–28–02. Change of name of person—Petition.* Any person desiring to change his or her name may file a petition in the district court of the county in which the person is a resident, setting forth:
> 1. That the petitioner has been a bona fide resident of the county for at least six months prior to the filing of the petition.
> 2. The cause for which the change of the petitioner's name is sought.
> 3. The name asked for.
> The judge of the district court, upon being duly satisfied by affidavit or proof in open court of the truth of the allegations set forth in the petition, that there exists proper and reasonable cause for changing the name of the petitioner, and that thirty days' previous notice of the intended application has been given in some newspaper printed in the district, shall order a change of the name of the petitioner. The court may waive publication of the notice when the proposed change relates only to a first or given name as distinguished from a surname.

*Id.* at 173. On appeal, the Supreme Court of North Dakota reversed the order and remanded the case, because the order failed to state clearly the reasons for the district court's decision. The supreme court found that Mees had complied with all of the procedural requirements of § 32–28–02 and concluded that, although not specifically mandated, the language of that section [4] implicitly requires the lower court to make written findings that delineate its reasons for denying the petition. *Id.* at 173–74. Otherwise, the court stated, it would be unable to review properly the lower court's decision on appeal. *Id.* Because *Mees* and *Besecker* were decided on the basis of facts analogous to the facts in the case *sub judice,* we find them to be persuasive and shall adopt their reasoning.

■ A circuit court's decision to grant or deny a request for a waiver of fees and costs under Maryland Rule 1–325(a) is reviewed under an abuse of discretion standard. *Wigginton,* 16 Md.App. at 333, 295 A.2d 889. In the present case, the circuit court endorsed, "Denied the 27th day of January, 1994" on the proposed order that appellant had submitted to the court. That is not a sufficient explanation from which we can determine whether the circuit court abused its discretion in denying appellant's motion. No specific reason for the decision is stated, and we cannot infer one based on the face of the order or on our review of the record. In light of the specific criteria set forth in Maryland Code § 7–201(b) and Rule 1–325(a), we believe that the circuit court should state its findings in writing so that, on appeal, we can determine whether the court's decision amounts to an abuse of its discretion. We hold, therefore, that the court's failure to explain its reasons for denying appellant's motion was, itself, an abuse of discretion.

---

4. The court quoted the following portion of § 32–28–02:

[The judge of the district court,] upon being duly satisfied by affidavit or proof in open court of the truth of the allegations set forth in the petition, that there exists proper and reasonable cause for changing the name of the petitioner, and that thirty days' previous notice of the intended application has been given in some newspaper printed in the district, shall order a change of the name of the petitioner.

The requirement that a court must state its reasons for denying an application for waiver of filing fees and costs should not be an onerous one. A lengthy statement is not necessary; a brief, one line notation, such as "affidavit does not show that applicant is indigent," or "complaint is patently meritless [or frivolous]" will normally suffice.

■ The State contends that the basis for the circuit court's ruling is evident from the face of the order. Because appellant can change his name under Maryland common law without the assistance of the court, the State asserts, his petition to the circuit court for a change of name was frivolous and the court properly denied his motion on that basis. This argument conflicts with Maryland law and, therefore, we reject it.

■ Maryland recognizes common law name changes. *Stuart v. Board of Elections*, 266 Md. 440, 446, 295 A.2d 223 (1972). As the Court of Appeals stated in *Hardy v. Hardy*, "a person may adopt any name by which he wishes to become known, as long as he does so consistently and nonfraudulently." 269 Md. 412, 415, 306 A.2d 244 (1973) (citations omitted). This fact, however, does not preclude appellant from changing his name pursuant to Maryland Rules BH70–75 and Maryland Code (1957, 1994 Repl.Vol.), Art. 16, § 123. Neither the statutory nor the common law method is to be interpreted as the exclusive manner in which a name may be changed. *Klein v. Klein*, 36 Md.App. 177, 181, 373 A.2d 86 (1977); *Hall v. Hall*, 30 Md.App. 214, 222, 351 A.2d 917 (1976). "In Maryland, a person may change his name under the common law rule or through a judicial proceeding as he desires." *Hall*, 30 Md.App. at 222, 351 A.2d 917. We also recognize that achieving a change of name pursuant to the statutory method "has advantages in that it is 'speedy, definite and a matter of record, so as to be easily proved even after the death of all contemporaneous witnesses.'" *Brown v. Brown*, 384 A.2d 632, 633 (D.C.1977) (quoting Annot., 110 A.L.R. 219 (1937)).

A statement in writing by the circuit court of the reasons for its decision on a request for a waiver of filing fees under Rule 1–325(a) would demonstrate that it had carefully re-

viewed the request and considered whether it meets the statutory requirements. We are aware that the circuit courts of this State have burdensome caseloads, and we do not wish to impose additional requirements upon them. We believe, however, that the furnishing of a statement of reasons for its decision in such a case is imperative if we are to review the decision on appeal. Accordingly, the judgment of the circuit court is vacated, and the case is remanded for further proceedings consistent with this opinion.

**ORDER VACATED.**

**CASE REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**