62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elijah GRANT, Plaintiff/Appellant,
v.
Jim EDGAR, Governor, et al., Defendants/Appellees.
 No. 94-3696.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1995.*
Decided July 14, 1995.
 
 Before FLAUM, RIPPLE, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Elijah Grant appeals the district court's denial of his request to proceed in forma pauperis (IFP) and its termination of his case. We vacate and remand.
 
 
 2
 Grant was an employee of the Illinois Department of Corrections, working as a correctional counselor at Sheridan Correctional Center. He was terminated for allegedly violating departmental rules. Thereafter he brought suit pursuant to 42 U.S.C. Sec. 2000e et seq., 42 U.S.C. Sec. 1983, 42 U.S.C. Sec. 1988, alleging that his termination was motivated by race discrimination. The district court denied Grant's requests for counsel and to proceed IFP, and terminated the case. We assume that the district court dismissed Grant's suit pursuant to 28 U.S.C. Sec. 1915(d). However, the court provided no statement to that effect or reasons for the dismissal. The court similarly did not explain its reasons for denying IFP. We review the district court's denial of Grant's requests and the dismissal of the suit for an abuse of discretion. Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992).
 
 
 3
 "When the basis of the decision on a motion for leave to proceed in forma pauperis is not evident from the record, it is incumbent on the district court to provide a sufficient explanation for its ruling to allow meaningful review by the court of appeals." Besecker v. State of Illinois, 14 F.3d 309, 310 (7th Cir. 1994) (citing Jones v. Morris, 777 F.2d 1277, 1281 (7th Cir. 1985)). Further, it is not apparent from the face of the complaint itself that the claim is frivolous. Id. Without some explanation, we cannot determine whether the district court abused its discretion in denying Grant's IFP request and dismissing the action.[1]
 
 
 4
 Without commenting on the merits of Grant's claims, we VACATE and REMAND to the district court to explain the denial of Grant's request to proceed IFP, and its dismissal of the case.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Surprisingly, the district court then granted Grant's request to proceed IFP on appeal. See Tolefree v. Cudahy, 49 F.3d 1243, 1244 (7th Cir. 1995) (district judges should not grant leave to proceed in forma pauperis on appeal to plaintiffs whom they have denied leave to proceed in forma pauperis without a statement of reasons)