*TWEEN THE APPELLANT AND PRINCE GEORGE'S COUNTY.*

743 A.2d 806

**Kenneth John DAVIS**

v.

**Tiffany Dawn MILLS.**

**No. 6496, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Jan. 5, 2000.

Kenneth J. Davis, Hagerstown, for appellant.

No brief filed by appellee.

Submitted before DAVIS, KENNEY and JAMES S. GETTY (Ret'd, specially assigned), JJ.

KENNEY, Judge.

## FACTS

On December 1, 1998, appellant, Kenneth John Davis, filed a civil complaint against appellee, Tiffany Dawn Mills, in the Circuit Court for Washington County, alleging two counts of negligence, one count of willful and malicious injury, and one count of intentional infliction of emotional distress.[1] Accompanying his Complaint, appellant filed a Motion for Waiver of

---

1. These counts arise as a result of a dispute with appellee, Tiffany Dawn Mills, concerning the birth of their child while he was incarcerated in prison. Appellant alleges that Mills intentionally lied and attempted mentally and emotionally to manipulate him in an effort to "control the situation."

Prepayment of Filing Fees and Other Court Costs, requesting the waiver of court costs and fees. Appellant certified that he was unmarried, unemployed, owned no assets, was unable to pay the filing fees, and attached a financial statement from the Inmate Banking System.[2] By an Order dated December 22, 1998, the trial court denied appellant's motion, stating, "A civil action of this nature must be accompanied by the payment of $90 court costs before processing."

Appellant filed a notice of appeal, requesting that this Court also waive the filing fees. Appellant certified that he was employed by the Division of Correction, and received a salary of "approximately eighteen dollars per month." This Court granted the waiver and appellant appears before this Court *pro se.*

Appellant presents two issues on appeal.

I.  Did the trial court abuse its discretion in denying Appellant's Motion for Waiver of Filing Fees and other Court Costs?

II.  Where a plaintiff seeks waiver of court costs and is proceeding *pro se,* does the language of Maryland Code (1974, 1998 Repl.Vol.), § 7–201 of Courts and Judicial Proceedings Article ("C.J.") mandate the waiver of prepayment of court costs upon a showing of indigency but absent the certification of merit by counsel?

## DISCUSSION

### I. Abuse of Discretion

Appellant argues that the trial court abused its discretion in denying his motion without making a finding of indigency or frivolousness. We agree.

Courts and Judicial Proceedings § 7–201(a) requires that filing fees be paid prior to docketing a civil case. Pursuant to C.J. § 7–201(b) and Maryland Rule 1–325, however, in cases of

---

2. Appellant is currently incarcerated at the Roxbury Correctional Facility, serving a thirty-year sentence. His criminal conviction is also currently on appeal.

indigency, the prepayment of fees may be waived upon a proper finding by the circuit court. They provide, in part:

C.J. § 7–201. Payment of Fees; Indigence Waiver

(a) Except for an appeal from the State Workers' Compensation Commission or an appeal, by an individual claiming benefits, from a decision of the Board of Appeals of the Department of Labor, Licensing, and Regulation, no case may be docketed and no writ of attachment, fieri facias, or execution on judgment may be issued unless the plaintiff or appellant pays the required fee.

(b) The circuit court shall pass an order waiving the payment in advance if:

(1) upon petition for waiver, it is satisfied that the petitioner is unable by reason of his poverty to make the payment; and

(2) The petitioner's attorney, if any, certifies that the suit, appeal, or writ is meritorious.

RULE 1–325. Filing Fees and Costs—Indigency

(a) Generally. A person unable by reason of poverty to pay any filing fee or other court costs ordinarily required to be prepaid may file a request for an order waiving the prepayment of those costs. The person shall file with the request an affidavit verifying the facts set forth in that person's pleading, notice of appeal, application for leave to appeal or request for process, and stating the grounds for entitlement to the waiver. If the person is represented by an attorney, the request and affidavit shall be accompanied by the attorney's signed certification that the claim, appeal, application, or request for process is meritorious. The court shall review the papers presented and may require the person to supplement or explain any of the matters set forth in the papers. If the court is satisfied that the person is unable by reason of poverty to pay the filing fee or other court costs ordinarily required to be prepaid and the claim, appeal, application, or request for process is not frivolous, it shall waive by order the prepayment of such costs.

■ When the Maryland Rules deal with the same subject matter as a statute, they are to be "construed so as to

harmonize with each other and not produce an unreasonable result." *Johnson v. State*, 274 Md. 29, 41, 333 A.2d 37 (1975). In other words, the rule and the statute, together, outline the procedure by which an indigent plaintiff may seek the court's waiver of the prepayment of fees.

When requested, the circuit court is required to review the documents filed by the petitioner, and grant the motion if it finds that the petitioner is too impoverished to pay the fee and that the action is not frivolous. *Torbit v. State*, 102 Md.App. 530, 650 A.2d 311 (1994). If the petitioner has assistance of counsel, counsel must certify that the action is meritorious pursuant to Rule 1–325(a). If the petitioner is proceeding *pro se*, no certification is required and the court may base its determination on the motion and the petitioner's affidavit. *Torbit*, 102 Md.App. at 534, 650 A.2d 311. If a court has insufficient information to make a determination, the court may either conduct a hearing on the matter or request that the petitioner submit additional information. Rule 1–325(a); *see also*, *Torbit*, 102 Md.App. at 534, 650 A.2d 311. The grant or denial of the waiver application is vested within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *Torbit*, 102 Md.App. at 536, 650 A.2d 311.

In *Torbit*, this Court found that it was an abuse of discretion for a trial court to deny a waiver, without meaningful explanation. Citing a federal and North Dakota case, we reasoned that without an explanation from the trial court, we would be unable properly to review the trial court's decision. We stated:

> The requirement that a court must state its reasons for denying an application for waiver of filing fees and costs should not be an onerous one. A lengthy statement is not necessary; a brief, one line notation, such as "affidavit does not show that applicant is indigent," or "complaint is patently meritless [or frivolous]" will normally suffice.

*Torbit*, 102 Md.App. at 537, 650 A.2d 311.

In the present case, appellant submitted the proper documentation, including his motion, affidavit, and, at the request

of the court clerk, included a financial statement from the Inmate Banking System. The trial court, however, denied appellant's request for a waiver, stating only, "A civil action of this nature must be accompanied by the payment of $90.00 court costs before processing." From this statement, we are unable to discern, within the framework of the statute and rule, the basis for the denial. Therefore, we must hold that the trial court's failure to explain its reasons for denying the motion constituted an abuse of discretion.

## II.  C.J. § 7–201 Mandate

Appellant argues, in the alternative, that the use of the language "shall" in C.J. § 7–201 mandates granting the waiver if the party is found to be indigent, in absence of counsel certification. We disagree.

Appellant reasons that under *Torbit*, when a petitioner is unrepresented by counsel, no certification is required, and, therefore, pursuant to C.J. § 7–201, the court is required to waive the fees upon a finding of indigency alone. Although we agree that *Torbit* excuses the certification requirement when the petitioner is proceeding *pro se*, we do not hold that the trial court is required to waive fees as petitioner urges. Under appellant's interpretation of C.J. § 7–201, *pro se* plaintiffs would have easier access to the courts than those represented by counsel, because the latter would have to provide to the court an attorney certification that the case has merit. Such a reading of the statute not only places an additional burden on represented litigants, it is an open invitation to frivolous suits, which are a recognized concern of both the statute and the rule. That a person is represented by counsel certainly does not guarantee that the case has merit, but it would be illogical to conclude that any case filed without the assistance of counsel automatically has merit. This Court will not interpret a statute in such a manner that will render it "unreasonable, illogical, or inconsistent with common sense." *Edgewater Liquors, Inc. v. Liston,* 349 Md. 803, 808, 709 A.2d 1301 (1998).

Moreover, an interpretation that requires more of an individual to gain access to our courts based on whether the person is represented by counsel may well violate the Equal Protection Clause of the Fourteenth Amendment. This we need not decide. Consistent with Rule 1–325, we simply hold that a trial court must make, in all cases involving relief pursuant to C.J. § 7–201(a), a determination of whether or not the case is frivolous.

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR WASHINGTON COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY WASHINGTON COUNTY.**