837 A.2d 1040

**Richard L. MASSEY, Jr.,**

v.

**INMATE GRIEVANCE OFFICE.**

**No. 2229, Sept. Term, 2002.**

Court of Special Appeals of Maryland.

Dec. 9, 2003.

Richard L. Massey of Cumberland, for appellant.

Judith Barr, Staff Attorney (J. Joseph Curran, Jr., Attorney General on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., CHARLES E. MOYLAN, JR. (Retired, Specially Assigned) and MARVIN H. SMITH (Retired, Specially Assigned), JJ.

MARVIN H. SMITH, Retired, Specially Assigned, Judge.

Richard L. Massey, Jr., the appellant, is an inmate committed to the custody of the Commissioner of Correction. Massey's inmate grievance was dismissed by the Inmate Grievance Office, and Massey sought judicial review by the Circuit Court for Allegany County. The court declined to grant Massey's motion to waive filing fees and ordered instead that the amount of the fees be reduced to $10.00.

Massey appeals from the trial court's order. He asks "[w]hether the lower court erred as a matter of law by not providing a reason for denying appellant permission to pro-

ceed without prepayment of filing fees...." We answer that question in the negative and affirm the judgment of the trial court.

## FACTS

Massey filed both his "Petition for Judicial Review" and his "Motion to Proceed Without Payment of Costs" in the trial court on November 14, 2002. He attached to his petition a letter he had received from the Inmate Grievance Office, which indicated that his grievance had been dismissed for failure to follow the Division of Correction's administrative remedy procedure.

To his "Motion to Proceed Without Payment of Costs," Massey attached his own, brief "Affidavit" of indigency, which was signed by Massey but was not notarized. He also attached a one-page print-out from the Inmate Banking System, which showed that, on June 13, 2002, he had only 80-cents in the "Active" portion of his inmate account. Finally, Massey attached a proposed order, which would have directed that he "be permitted to proceed with his Petition for Judicial Review without payment of costs."

The court crossed out the language of the order that would have permitted Massey to proceed without paying costs. It inserted language that provided instead that Massey be permitted to proceed "upon the payment of $10.00 in filing fees."

As we have indicated, Massey did not proceed but instead filed this appeal. The administrative record was never forwarded to the trial court, and Massey was never required to file a memorandum in support of his petition.[1] Thus, there is nothing in the record that would indicate the basis of Massey's inmate grievance or the propriety of the Inmate Grievance Office's dismissal of the grievance.

---

1. *See* Md. Rules 7–206 (regarding transmission of administrative record to trial court) and 7–207 (establishing time frame for filing of supporting memoranda).

## DISCUSSION

In arguing that the trial court erred when it denied, without explanation, his motion to waive filing fees, Massey relies on *Torbit v. State,* 102 Md.App. 530, 650 A.2d 311 (1994). His reliance is misplaced.

*Torbit* was decided under Code (1974, 2002 Repl.Vol.), § 7–201 of the Cts. & Jud. Proc. Art., in conjunction with Md. Rule 1–325(a). The inmate appellant in *Torbit* had complied with the requirements of the statute and rule, but the trial court denied, without explanation, his motion to waive costs. This Court vacated and remanded the trial court's decision, explaining that under the circumstances a brief explanation was required. *See* 102 Md.App. at 537, 650 A.2d at 314.

By 1997 Laws of Maryland, Chapter 495, the legislature enacted the Prisoner Litigation Act. *See* Md.Code (1974, 2002 Repl.Vol.), §§ 5–1001––5–1007 of the Cts. & Jud. Proc. Art. The Act was clearly enacted to deter frivolous litigation by prisoners. *See* 1997 Laws of Maryland, Chapter 495 (purpose clause). Among other things, the Act specifically requires that inmates exhaust administrative remedies before filing civil actions, *see* § 5–1003, permits courts to dismiss claims that are found to be frivolous or malicious or to fail to state a cognizable claim, *see* § 5–1004, and permits courts to limit the number of claims that can be filed by inmates who have already had three or more claims declared frivolous. *See* § 5–1005.

Most significantly to the case at bar, § 5–1002 of the Act sets forth limitations on those situations in which a trial court can waive or reduce filing fees. The limitations are specifically applicable to inmates and exceed those limitations set forth by § 7–201 of the Courts Article and Md. Rule 1–325(a). *See* § 5–1002. *See generally Dep't of Natural Res. v. France,* 277 Md. 432, 461–62, 357 A.2d 78, 94–95 (1976) (" '[W]here there is a specific enactment and a general enactment "which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases

within its language that are not within the provisions of the particular enactment" ' " (citations omitted)).

Section 5–1002(c) of the Prisoner Litigation Act addresses when filing fees may be waived in civil actions brought by inmates. The section provides:

> (c) *Waiver.*—A court may waive payment of the entire required filing fee for a civil action filed by a prisoner *only on a written showing under oath by the prisoner* that:
>
> (1) The prisoner is indigent;
>
> (2) The issue presented is of serious concern;
>
> (3) Delay in the consideration of the issues presented will prejudice the consideration of the claim;
>
> (4) The prisoner is not likely to accumulate sufficient funds to pay the required filing fee within a reasonable period of time; and
>
> (5) The prisoner possesses a reasonable likelihood of success on the merits of the claim.

Code (1974, 2002 Repl.Vol.), § 5–1002(c) of the Cts. & Jud. Proc. Art. (emphasis added).

Massey's affidavit was not made under oath as required by the statute. The affidavit was neither "made before an officer authorized to administer an oath" nor signed "under the penalties of perjury." Md. Rule 1–304. *See also* Md. Rule 1–303.

In addition, Massey failed to address all of the factors set forth in § 5–1002(c). Massey did assert that he was indigent and that he was not likely to accumulate sufficient funds to pay the filing fee. *See* § 5–1002(c)(1) and (4). He attached a print-out of his inmate bank account, however, that was dated September 25, 2002—nearly two months before the motion was filed. That print-out indicated that Massey had only 80 cents in the "Active" portion of his inmate account, but that he had $39.40 in "Reserve," and that the overall "Balance" was $40.20.[2]

---

2. Massey attached another print-out from the Inmate Banking System to a "Motion to Waive Fees and Affidavit" that was filed in this Court

Although Massey baldly alleged that his case was "meritorious" and that the waiver of filing fees "would serve the interest of justice," he provided no information regarding the basis of his claim that would have permitted the trial court to assess whether Massey had a reasonable likelihood of success on the merits. *See* § 5–1002(c)(5). Massey did not address whether the matter was of serious concern, or whether a delay in the consideration of the matter would be prejudicial. *See* § 5–1002(c)(2) and (3).

In short, Massey's motion and the accompanying affidavit did not satisfy the requirements of § 5–1002(c). Under the circumstances, the trial court was not required to consider the motion. There was no need for the court to explain its reasons for denying it.

Although Massey requested only that the amount of the filing fees be waived, and not that the amount be reduced, the court *did* reduce the amount to $10.00. Under § 5–1002(b) of the Act, a court may reduce the amount of the filing fee upon consideration of "information in the complaint . . . provided by the prisoner" regarding:

(1) The seriousness of the claim;

(2) The likelihood of success;

(3) The urgency of consideration;

(4) The amount of funds available in any institutional account and any account outside of the institution;

(5) The employment status of the prisoner in the institution and income from the employment;

(6) Any financial obligations of the prisoner; and

(7) The length of time that is likely to pass before the filing fee that is imposed is able to be paid.

Code (1974, 2002 Repl.Vol.), § 5–1002(b) of the Cts. & Jud. Proc. Art. Under § 5–1002(a)(3), "until any applicable filing

with his notice of appeal. The print-out is dated October 2, 2002 and shows that Massey had a "Balance" of $64.71 in his inmate account, with all of that amount in the "Reserve" portion of the account and nothing in the "Active" portion.

fee is paid, service of the complaint shall be withheld, discovery may not commence, and other proceedings may not be convened." *Id.*

Again, Massey presented no information to the court regarding the nature or merits of his claim. Under the circumstances, a decision by the court—without explanation—to require a full payment of filing fees would have been proper. Thus, to the extent that Massey's appeal might be read to challenge the court's failure to explain why it set the amount of fees at $10.00, as opposed to some other amount above zero, the appeal would be without merit.

As a final matter, we observe that, if an inmate satisfies the requirements of § 5–1002(b) or (c), as the inmate appellant in *Torbit* satisfied the less stringent requirements of § 7–201 of the Courts Article and Md. Rule 1–325(a), the best practice for the trial court would be to state in writing any reasons for reducing the fees or waiving them entirely. As we explained in *Torbit:*

> In light of the specific criteria set forth in [the statute], we believe that the circuit court should state its findings in writing so that, on appeal, we can determine whether the court's decision amounts to an abuse of discretion.... [T]herefore, ... [a] court's failure to explain its reasons for denying [a] motion [would be], itself, ... an abuse of discretion.
>
>      The requirement that a court must state its reasons for denying an application for waiver of filing fees and costs should not be an onerous one. A lengthy statement is not necessary; a brief, one line notation, such as "affidavit does not show that applicant is indigent," or "complaint is patently meritless [or frivolous]" will normally suffice.

102 Md.App. at 537, 650 A.2d 311.

**JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.**