7 A.3d 1128

**Ray Lucky WILLIAMS**

v.

**CIRCUIT COURT FOR WASHINGTON COUNTY, et al.**

**No. 1394, Sept. Term, 2009.**

Court of Special Appeals of Maryland.

Nov. 3, 2010.

Ray L. Williams, Pro Se, for appellant.

Stuart J. Cordish & H. Scott Curtis (Douglas Gansler, on the brief) Baltimore, MD, for appellee

Panel: EYLER, JAMES R., WRIGHT and RAYMOND G. THIEME, JR. (Retired, Specially Assigned), JJ.

WRIGHT, J.

On July 24, 2009, appellant, Ray Lucky Williams, filed a petition in the Circuit Court for Washington County seeking judicial review of an administrative agency decision. Along with his petition, Williams filed a request for waiver of prepayment of the filing fee. On August 4, 2009, the court denied Williams's request and ordered that the "[p]etition be accepted but not processed until $30.00 is paid." Williams timely appealed.

The single issue before this Court is whether the circuit court properly denied Williams's request for waiver of prepay-

ment of the filing fee.[1] For the reasons stated below, we affirm the court's judgment.

## Facts and Procedural History

On March 27, 2009, Williams filed a request for administrative remedy with the Maryland Division of Correction ("DOC"), challenging his transfer from the Eastern Correctional Institution ("ECI") to the Maryland Correctional Institution in Hagerstown ("MCI–H"). In support of his request, Williams alleged the following:

> The referenced transfer occurred despite the ECI administration's knowledge that Petitioner has potential known and unknown enemies in the Hagerstown and Cumberland prison complexes stemming from his participation in a murder investigation conducted at the Baltimore City Detention in, or about, Feb. 2006.... Petitioner was consequently transferred from [the Maryland Reception, Diagnostic and Classification Center] to ECI for his protection.

Williams stated that, by filing the request, he "seeks redress for the ECI administration's acts of failing to abide by policies and procedures and for subjecting [him] to retaliation for using the [administrative remedy procedure] process in good faith." [2] Specifically, Williams sought to "be transferred back to ECI and housed on the East Compound."

On March 30, 2009, the Warden, or Administrative Remedy Procedure ("ARP") Coordinator at MCI–H, dismissed

---

**1.** In his brief, Williams presented the following questions:

1. Do prisoners have a constitutional right to unabridged access to the courts to redress meritorious claims for injury done to them in their person or property?

2. Did the lower court abuse its discretion in denying Appellant's motion to proceed without prepayment of the filing fee or, in the alternative, authorize a payment schedule commensurate with Appellant's financial means, where Appellant substantially met the criteria set forth in Section 5–1002(c), of the Prisoner Litigation Act ("PLA")?

**2.** Williams alleged that he was subjected to retaliation after he filed a complaint with the Inmate Grievance Office that was later reviewed by the Circuit Court for Somerset County.

Williams's request "for procedural reasons." The ARP Coordinator stated that the request did "not provide sufficient information to determine the basis for investigation." Accordingly, Williams was instructed to "[r]esubmit [his] request by 4/16/09, and include ... names of known enemies and verification." In addition, Williams was asked to "[p]rovide proof [that he was] transferred for reasons other than regular transfer."

Williams declined to resubmit his request and, instead, appealed the ARP Coordinator's decision to the Commissioner of Correction on April 1, 2009. Williams argued that the dismissal was "improper, serves to deny [him] due process and places [his] safety and well being at jeopardy." On April 9, 2009, the Commissioner of Correction dismissed the appeal "for procedural reasons," specifically because Williams "failed to resubmit the request in accordance with the coordinator's instructions."

On April 23, 2009, Williams appealed the Commissioner's decision to the Executive Director of the Inmate Grievance Office ("IGO"). According to Williams, "the respective dismissals by the ARP coordinators are arbitrary, capricious and in bad faith." In addition, Williams alleged that "[t]he dismissals serve to deter [his] use of the ARP process, deny [him] due process, reflect a deliberate and egregious indifference for [his] safety and violates DOC policy and procedure."

By letter dated June 25, 2009, the Executive Director of the IGO dismissed Williams's appeal, stating, in pertinent part:

... [A]ny grievance complaining of a transfer is due to be filed, if at all, within 30 days of the transfer. I note from a[ ] ... report dated June 24, 2009 that you were transferred from ECI to [MCI–H] on March 16, 2009. This grievance was filed on April 27, 2009. I conclude, therefore, that you failed to file your grievance within the 30 days required by COMAR 12.07.01.05(A). Since this time limitation has not been waived for good cause shown, COMAR 12.07.01.05(F), COMAR 12.07.01.06(B)(3) requires that it be dismissed as wholly lacking in merit.

To the extent that you might argue that your complaint is subject to the ARP process, I note that your ARP complaint to the Warden was dismissed on March 30, 2009 pending resubmission with additional information. You apparently refused to do so, instead appealing to the Commissioner. The Commissioner then denied your appeal for your failure to resubmit your ARP complaint in accordance with the Warden's instructions.

\* \* \*

I conclude that you failed to properly exhaust the ARP process by using all the steps available so that your complaint would be addressed on the merits. Since the exhaustion requirement has not been waived for good cause shown, COMAR 12.07.01.06(B)(4) requires that this grievance be dismissed as wholly lacking in merit.

On July 24, 2009, Williams filed a petition for judicial review of the IGO's decision in the circuit court, along with a request for waiver of prepayment of the filing fee. In support of his request for waiver of the fee, Williams stated that he is incarcerated, has no money, and earns approximately $21.50 per month, which he spends on necessities such as "soap, detergent, toiletries, etc." In his petition for review, Williams averred that he "possesses a reasonable likelihood of success on issues of serious concern." To support his allegations, Williams attached a document wherein he made the following two arguments, regarding the IGO's decision:

I. Grievant's use of the ARP process to address retaliation was proper and timely filed.

II. Grievant's transfer was not a case management action pursuant to the DOC Case Management Manual (CCM).

Williams also included his Offender Traffic History (a list of his cell assignments) from July 2, 2008, through June 3, 2009.

On August 4, 2009, the court denied Williams's request for waiver of the filing fee. In its order, the court stated:

This civil action is governed by Section 5–1001 et seq., Courts and Judicial Proceedings Article (Prisoner Litigation

Act) and Maryland Rule 1–325 requiring payment of filing fees unless all or a portion is waived by the court. See also *Massey v. Inmate Grievance,* 153 Md.App. 691 [837 A.2d 1040] (2003).

The entire filing fee may not be waived unless, from information provided, the court finds that the inmate is indigent, not likely to accumulate sufficient funds to pay the filing fee within a reasonable time and *possesses a reasonable likelihood of success on issues of serious concern.* Based upon the information provided, the court may waive a portion of the filing fee unless the complaint is determined to be frivolous, but must require at least 25%.

Upon review of the papers presented and a failure to show sufficient cause for waiver pursuant to Sec. 5–1002(c), it is this 4 day of August, 2009, **ORDERED** that the Motion/Petition be accepted but not processed until $30.00 is paid to the Clerk of the Circuit Court for Washington County.

(Emphasis in original).

## Discussion

Williams argues that he "substantially met the criteria" set forth in the Prisoner Litigation Act ("PLA") Section 5–1002(c) and, therefore, "the lower court abused its discretion in denying [his] motion to proceed without payment of the filing fee or, in the alternative, authorizing a payment schedule commensurate with [his] financial means." [3]   Moreover, Williams contends that "the trial court was required to consider the

---

**3.** The filing fee was reduced to $30.00 pursuant to § 5–1002(b) of the PLA, which provides that, a court may reduce the amount of the filing fee upon consideration of "information in the complaint … provided by the prisoner" regarding:

 (1) The seriousness of the claim;
 (2) The likelihood of success;
 (3) The urgency of consideration;
 (4) The amount of funds available in any institutional account and any account outside of the institution;

request and provide a 'meaningful explanation' for denying it." According to Williams, by summarily denying waiver of the filing fee, the court misapplied the PLA and infringed upon his constitutional right.

The State responds by stating that Williams "failed to prove that he possessed a reasonable likelihood of success on issues of serious concern." According to the State, Williams "claims that his transfer to ECI was based on retaliation," yet "he does not provide any information from which a court can reasonably conclude he was transferred for any reason other than legitimate, penological" ones. Further, the State argues that Williams "provided no proof, or even alleged, that delay in the consideration of the issues would prejudice the consideration of the claim."

"By 1997 Laws of Maryland, Chapter 495, the legislature enacted the Prisoner Litigation Act ... to deter frivolous litigation by prisoners." *Massey, supra,* 153 Md.App. at 694, 837 A.2d 1040 (citations omitted). Consequently, the "limitations on those situations in which a trial court can waive or reduce filing fees" for inmates under Section 5–1002(c) of the PLA "exceed those limitations" applicable to the members of the general population who request a waiver of the filing fee. *Id.* (citations omitted); *compare* Md.Code (1973, 2006 Repl. Vol.), Courts & Judicial Proceedings Article ("CJP") § 5–1002(c) *with* CJP § 7–201 [4] *and* Md. Rule 1–325(a).[5] Under CJP § 5–1002(c):

---

(5) The employment status of the prisoner in the institution and income from the employment;
(6) Any financial obligations of the prisoner; and
(7) The length of time that is likely to pass before the filing fee that is imposed is able to be paid.
Md.Code (1973, 2006 Repl.Vol.), Courts & Judicial Proceedings Article § 5–1002(b). At the time of Williams's request, the set charges, costs, and fees for an appeal to the circuit court from an administrative agency decision was $80, plus a $25 surcharge for the Maryland Legal Services Corporation. *See* Revised Schedule of Circuit Court Charges, Costs, and Fees established under Md.Code (1973, 2009 Supp.), Courts & Judicial Proceedings Article § 7–202.

**4.** CJP § 7–201 states, in pertinent part:

A court may waive payment of the entire required filing fee for a civil action filed by a prisoner *only on a written showing under oath* by the prisoner that:

(1) The prisoner is indigent;

(2) The issue presented is of serious concern;

(3) Delay in the consideration of the issues presented will prejudice the consideration of the claim;

(4) The prisoner is not likely to accumulate sufficient funds to pay the required filing fee within a reasonable period of time; *and*

(5) The prisoner possesses a reasonable likelihood of success on the merits of the claim.

(Emphasis added).

In this case, Williams alleged, in his petition for judicial review, that he "possesses a reasonable likelihood of success on issues of serious concern." To support his allegation, Williams averred that his use of the ARP process "to redress an issue of retaliation was proper" and timely and,

---

    (b) *Waiver in case of indigency.*—The circuit court shall pass an order waiving the payment in advance if:

    (1) Upon petition for waiver, it is satisfied that the petitioner is unable by reason of his poverty to make the payment; and

    (2) The petitioner's attorney, if any, certifies that the suit, appeal, or writ is meritorious.

**5.**   Maryland Rule 1–325(a) states:

    (a) *Generally.* A person unable by reason of poverty to pay any filing fee or other court costs ordinarily required to be prepaid may file a request for an order waiving the prepayment of those costs. The person shall file with the request an affidavit verifying the facts set forth in that person's pleading, notice of appeal, application for leave to appeal or request for process, and stating the grounds for entitlement to the waiver. If the person is represented by an attorney, the request and affidavit shall be accompanied by the attorney's signed certification that the claim, appeal, application, or request for process is meritorious. The court shall review the papers presented and may require the person to supplement or explain any of the matters set forth in the papers. If the court is satisfied that the person is unable by reason of poverty to pay the filing fee or other court costs ordinarily required to be prepaid and the claim, appeal, application, or request for process is not frivolous, it shall waive by order the prepayment of such costs.

therefore, the continuous denial of his ARP complaint "was improper and designed to intentionally hinder proper exhaustion of remedies." In his circuit court filing, Williams did not elaborate on the reason for the alleged retaliation against him, but only maintained that his transfer from ECI to MCI–H was "an administrative transfer ordered by the Warden" and not "a case management action pursuant to the DOC Case Management Manual." Williams did not recount any specific instances in which he encountered retaliatory statements or threats, nor did he provide any information to show that his transfer took place due to reasons other than legitimate, penological ones. Based upon this information, we conclude the circuit court properly found that Williams "fail[ed] to show sufficient cause for waiver pursuant to Sec. 5–1002(c)."

To "show" is more than just reciting the statutory language. It is essential to state the basis of one's claim with "sufficient particularity," such that the court can make a determination as to its validity, and the claimant's likelihood of success on the merits. *Cf. Spangler v. Dan A. Sprosty Bag Co.*, 183 Md. 166, 174, 36 A.2d 685 (1944) (a "good pleading" alleging fraud requires that the facts constituting the allegation be "set[ ] out with sufficient particularity"). *See Massey, supra,* 153 Md.App. at 696, 837 A.2d 1040 ("Although Massey baldly alleged that his case was 'meritorious' and that the waiver of filing fees 'would serve the interest of justice,' he provided no information regarding the basis of his claim that would have permitted the trial court to assess whether Massey had a reasonable likelihood of success on the merits.") (Citing § 5–1002(c)(5)). Even if we accepted as true Williams's claim that he is indigent and not likely to accumulate sufficient funds within a reasonable period of time, we could not reasonably conclude from Williams's petition that he possessed a reasonable likelihood of success on an issue of serious concern.

Moreover, the State correctly noted that Williams failed to satisfy the third factor of CJP § 5–1002(c). Williams failed to show, or even allege, that "[d]elay in the consideration of the issues presented will prejudice the consideration

of the claim." CJP § 5–1002(c)(3). In his brief, Williams concedes this point, but argues that he "substantially satisf[ies] the requirements of Section 5–1002." Williams's argument fails, however, because as we made clear in *Massey*, when an inmate does not satisfy the requirements of CJP § 5–1002, the trial court is "not required to consider the motion." *Massey, supra,* 153 Md.App. at 696, 837 A.2d 1040. Further, there is "no need for the court to explain its reasons for denying it." *Id.*

Williams relies on *Torbit v. State,* 102 Md.App. 530, 650 A.2d 311 (1994), and *Davis v. Mills,* 129 Md.App. 675, 743 A.2d 806 (2000), but those cases are inapposite. In *Torbit,* 102 Md.App. at 532, 650 A.2d 311, the trial court denied, without explanation, the inmate appellant's motion to waive prepayment of the filing fee for a petition for change of name. On appeal, we vacated the decision and remanded the case, stating that a brief explanation was required. *Id.* at 537–38, 650 A.2d 311. *Torbit,* however, was decided under the less stringent requirements of CJP § 7–201, in conjunction with Maryland Rule 1–325(a), and not CJP § 5–1002. Unlike Williams, Torbit only needed to show that he was indigent and that his claim was not frivolous. *See* CJP § 7–201. As we have discussed, Williams had a heavier burden under CJP § 5–1002. Therefore, that case is not persuasive.

In *Davis,* 129 Md.App. at 677, 743 A.2d 806, the trial court denied the inmate appellant's motion to waive the filing fee in a civil action. On appeal, we held that "the trial court's failure to explain its reasons for denying the motion constituted an abuse of discretion." *Id.* at 680, 743 A.2d 806. But, because our decision was again based on CJP § 7–201 and Maryland Rule 1–325, Williams's reliance on *Davis* is also misplaced.

■ In the present case, the trial court did state its reasons for denying Williams's request to waive the filing fee. The trial court duly noted the pertinent provisions of § 5–1002(c) and concluded that there was "a failure to show sufficient cause for waiver ..." As we stated in *Massey,* " '[a] lengthy statement is not necessary; a brief, one line notation, such as

'affidavit does not show that applicant is indigent,' or 'complaint is patently meritless [or frivolous]' will normally suffice.' " *Massey, supra,* 153 Md.App. at 697, 837 A.2d 1040 (quoting *Torbit, supra,* 102 Md.App. at 537, 650 A.2d 311) (also cited in *Davis, supra,* 129 Md.App. at 679, 743 A.2d 806). Thus, for all of the foregoing reasons, we affirm the circuit court's decision.

**JUDGMENT OF THE CIRCUIT COURT FOR WASHINGTON COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**