[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10721
Non-Argument Calendar

_____

D. C. Docket No. 06-02050-CV-T-30-TGW

RANDALL TOWNSEND,

Plaintiff-Appellant,

versus

RONALD BECK,
individually, and as senior pastor of
First Baptist Church of Citrus Park,
a.k.a. Ron Beck,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 6, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Randall Townsend, proceeding *pro se*, appeals the district court's dismissal with prejudice of his 977-page, third amended complaint. He also alleges that the district court judge was biased against him and argues that the district court should have granted him *in forma pauperis* ("IFP") status.

Townsend argues the district court abused its discretion when it dismissed his complaint for failure to comply with the court's previous orders. He argues the ruling should be set aside because it denies him due process and did not allow him his day in court. He argues the district court unlawfully found the complaint was voluminous and failed to state a cause of action. He argues his claims are not frivolous. He asserts the district court cannot use a rule of procedure to circumvent a constitutional requirement, and not allowing his case to advance to a jury trial denied him his constitutional rights. Townsend also argues the district court abused its discretion by dismissing the complaint because dismissal was premature under Florida statutes. He cites to several Florida statutes showing the alleged criminal conduct of the defendants. Townsend argues that the 977-page complaint "does not even yet list all the violations...because 'discovery' has been blocked."

"We review the district court's decision to dismiss a case for failure to comply with the rules of the court for an abuse of discretion." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 1300 (2007).

"Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (quotation omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1), (2). The district court can *sua sponte* require a plaintiff to plead a case in accordance with the Federal Rules of Civil Procedure. *See Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996) (discussing inherent power of court). A court may dismiss a complaint "if the plaintiff fails to . . . comply with these rules [of civil procedure] or a court order." Fed.R.Civ.P. 41(b). The district court may act on its own motion to dismiss a claim under Rule 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras*, 465 F.3d at 483.

"Rule 41(b) makes clear that a trial court has discretion to impose sanctions

3

on a party who fails to adhere to court rules." *Zocaras*, 465 F.3d at 483. "But that discretion is not unlimited, and the dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Id.* (quotation omitted).

We have "articulated a two-part analysis for determining when an action should be dismissed as a sanction." *Zocaras*, 465 F.3d at 483. "There must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate." *Id.* "Our case law has articulated with crystalline clarity the outer boundary of the district court's discretion in these matters: dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005). "[F]indings satisfying both prongs of [the] standard are *essential* before dismissal with prejudice is appropriate." *Id.* "Although we occasionally have found implicit in an order [the findings necessary to support dismissal], we have never suggested that the district court need not make that finding." *Id.* (quotation omitted). The consideration of lesser sanctions, however, need not be explicit. *Zocaras*, 465 F.3d at 484. "We rigidly require the district courts to make these findings precisely because the sanction of dismissal with prejudice is so unsparing . . . and [we] strive

to afford a litigant his or her day in court, if possible." *Betty K Agencies*, 432 F.3d at 1339 (quotation and internal citation omitted).

We conclude from the record that the district court did not abuse its discretion in dismissing Townsend's complaint with prejudice. Although the district court's dismissal order did not contain an explicit finding of willful misconduct, the length of the third-amended complaint, coupled with the district court's statement in the dismissal order about Townsend's "persistent defiance," was an implicit finding of a willful disregard for the court's earlier orders. As to the second prong, Townsend had repeatedly failed to comply after several chances to do so, and his last attempt was much longer than his third. Combined with the district court's comment that Townsend's "persistent defiance...warrant[ed] no further expenditure of judicial time and resources," the district court implicitly found that lesser sanctions were inadequate.

Townsend argues the district court was biased and prejudiced against him. He argues the district court's statement in the order dismissing the action: "which perhaps amuses or gratifies the plaintiff," was prejudicial and malicious. He asserts the district court had political motives to dismiss the case. He argues the district court was biased because it had become a willful conduit of the "Government Corporate Veil." He alleges the district court joined the "schism" violating his

5

rights.

Recusal is required in certain circumstances, including when the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b). "The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *U.S. v. Amedeo*, 487 F.3d 823, 828 (11th Cir.) *cert. denied* 128 S. Ct. 671 (2007) (quotation omitted). In addition, any judge "of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for recusal under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *U.S. v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quotation omitted).

The only potential indication of prejudice or bias in the record was the district court's statement: "[t]his persistent defiance of orders and rules, which perhaps amuses or gratifies the plaintiff, warrants no further expenditure of judicial time and resources." The district court's choice of words did not show such bias or prejudice that a lay observer would entertain a significant doubt about the judge's impartiality. There was also no evidence to support Townsend's allegations that the

6

district court was biased because it wanted to, or had joined, the alleged conspiracy against him.

Townsend argues the district court abused its discretion by requiring him to pay for the litigation.

We review the denial of a motion to proceed IFP for an abuse of discretion. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). "[A] trial court has wide discretion in denying an application to proceed IFP . . . . [especially] in civil cases for damages, wherein the courts should grant the privilege sparingly." *Id.* (quotation omitted). "[I]n denying such applications a court must not act arbitrarily[,] . . . . [n]or may it deny the application on erroneous grounds." *Id.* at 1306-07. "When considering a motion [for IFP status] . . . the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Id.* at 1307 (quotation omitted). "The district court must provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate review." *Id.*

The record does not show that Townsend ever requested IFP status in the district court in a separate affidavit until after the district court dismissed his complaint. As there was no request for IFP status, the district court could not abuse its discretion by failing to grant it. To the extent that Townsend is

7

complaining about the denial of IFP status on appeal, he did not file a motion asking us to reconsider our denial.

For the above-stated reasons, we affirm the judgment of dismissal and the denial of IFP status.

**AFFIRMED.**