[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 2, 2004
THOMAS K. KAHN
CLERK

_____

No. 02-16019

_____

D.C. Docket No. 02-80933-CV-DTKH

EVELYN MARTINEZ,

Plaintiff-Appellant,

versus

KRISTI KLEANERS, INC.,
Kristi Kleaner's, Inc.,
d.b.a. Kristi Kleaners,
a.k.a. Kristi Kleaners,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(April 2, 2004)**

Before BIRCH, KRAVITCH and FARRIS[*], Circuit Judges.

PER CURIAM:

---

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Evelyn Martinez filed a pro se civil rights suit, alleging employment discrimination, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2. R1-2. Martinez's complaint was accompanied by a motion for leave to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915.[1] R1-1. The district court denied Martinez's motion for leave to proceed IFP *without explanation.* Martinez appealed the district court's ruling, and sought leave to proceed IFP on appeal. The district court denied Martinez leave to proceed on appeal IFP, and dismissed her complaint without prejudice based on her failure to pay the filing fees and timely perfect service on the defendant. We granted Martinez leave to proceed on appeal IFP, finding that the financial affidavit submitted by Martinez to the district court showed only her assets and did not indicate her monthly financial obligations. We hold that the district court abused its discretion by denying

---

[1] The provisions of 28 U.S.C. § 1915(a)(1) state:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Despite the statute's use of the phrase "prisoner possesses," the affidavit requirement applies to all persons requesting leave to proceed IFP. Hayes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997), Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997).

Martinez's motion, and vacate and remand with instructions.

We review a district court's denial of a motion for leave to proceed IFP under § 1915 for abuse of discretion. Matthews v. Gaither, 902 F.2d 877, 879 (11th Cir. 1990) (per curiam). We have observed that

> a trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly. However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.

Flowers v. Turbine Support Div., 507 F.2d 1242, 1244 (5th Cir. 1975)[2] (internal citations omitted); see also Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam).

When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[3] Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976). An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is

---

[2] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to 1 October 1981.

[3] We note, however, that a court's consideration of a party's ability to pay for costs and attorney's fees is not limited by the party's application for leave to proceed in forma pauperis, and that the court may "look beyond the . . . application . . . to determine his financial condition." Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 917 (11th Cir. 1982).

"absolutely destitute" to qualify for indigent status under § 1915. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338-40, 69 S. Ct. 85, 88-89 (1948). Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.[4] Id. at 339, 69 S. Ct. at 89. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements. Id. at 339-40, 69 S. Ct. at 89. "[W]here the [IFP] affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question . . . of whether the asserted claim is frivolous." Watson, 525 F.2d at 891. The district court must provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate review. O'Neal v. United States, 411 F.2d 131, 138 (5th Cir. 1969); Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988); Besecker v. State of Ill., 14 F.3d 309, 310 (7th Cir. 1994) (per curiam).

Martinez's motion for leave to proceed in forma pauperis was on a form provided by the Clerk of the Southern District of Florida to move for leave to proceed

---

[4] The filing fee to institute a civil action in the United States District Court is $150. 28 U.S.C. § 1914(a).

IFP, and included an affidavit in support of the motion. R1-1. The affidavit includes a statement in which Martinez swore that "because of my poverty I am unable to pay the costs of said proceeding or to give security therefor." Id. The form then provides questions to the movant regarding: (1) employment and any income from his or her employer; (2) income from a business, profession, other self-employment, rent, interest, dividends or other sources; (3) cash and checking or savings accounts; (4) investments, including real estate, vehicles and other property; and (5) any dependents. Id. The form does *not* question the movant regarding liabilities and expenses. Martinez completed the form, and listed $880 per month employment income, $300 in cash or bank accounts, a $400 vehicle, and no dependents.[5] Based on Martinez's sworn statement that she was a pauper and was unable to pay the court costs, the affidavit was "sufficient on its face to demonstrate economic eligibility" for in forma pauperis status. Because the affidavit did not provide a section for liabilities and Martinez did not supplement the affidavit with that information, the district court was unable to compare Martinez's assets with her liabilities in order to determine

---

[5] According to the United States Department of Health and Human Services, the poverty level for 2002 for a single person with no dependents was $8,860 per year or $783.33 per month. Therefore, Martinez was above the poverty line and not "absolutely destitute." See Adkins, 335 U.S. at 339, 69 S. Ct. at 89.

5

whether she satisfied the poverty requirement.[6] Further, because the district court's order contained no explanation as to why Martinez's motion was denied, it is unclear whether the denial was based on her failure to satisfy the poverty requirement or because her complaint was frivolous.

Therefore, we vacate the district court's order and remand with instructions. If the district court finds that Martinez's affidavit is insufficient to provide an adequate basis for an IFP determination, Martinez should be directed to file a supplemental affidavit providing additional information, including her liabilities, which may assist the court in its ruling. If the district court determines that Martinez is not eligible to proceed in forma pauperis, the reasons for that denial should be explained in its order. Alternatively, should the district court find the complaint

---

[6] The form in use by the Southern District of Florida for seeking leave to proceed in forma pauperis, S.D. Fla. General Civil Case Filing Requirements, Appendix I (Feb. 2003), requests basically the same information found on the motion and affidavit form used by Martinez. We note that other courts, including the Northern District of Georgia, use a form which also requests information regarding the movant or household member's receipt of "money from any sources not otherwise disclosed," "a list of all debts and monthly household bills," and any "additional information" which could assist the court in its ruling. N.D. Ga., Forms, Affidavit in Support of Request to Proceed In Forma Pauperis. See also Fed.R. App. P., Appendix of Forms, Form 4 (which provides for information regarding the movant's income sources, monies on hand, assets, dependents, debts owed the movant, expenses of the movant, expected changes to income or expenses, assets or liabilities, costs incurred in conjunction with the case, "any other information," and contact information for the movant, including the movant's age, education, and Social Security number).

frivolous, it should affirmatively indicate that conclusion for our benefit on review.[7]

**VACATED AND REMANDED.**

---

[7] If the district court finds that Martinez's complaint is frivolous, it should provide Martinez with an opportunity to amend her complaint before dismissing the action on that basis. See O'Neal, 411 F.2d at 138; Pace, 709 F.2d at 1439; Besecker, 14 F.3d at 310.