[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 2, 2008
THOMAS K. KAHN
CLERK

No. 07-11754
Non-Argument Calendar

_____

D. C. Docket No. 07-00440-CV-T-17-TBM

IRVIN U. SHIPP,

Plaintiff-Appellant,

versus

P. BUCHER, Officer,
Individual and/or Official,
CITY OF TAMPA, FL,
JOHN DOE, Chief Tampa
Police Dept., Individual
and/or official,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 2, 2008)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Irvin Shipp, a state prisoner proceeding pro se, filed a civil rights complaint, 42 U.S.C. § 1983, against Officer Bucher, the city of Tampa, and the Chief of the Tampa Police Department, alleging violations of the Fourth and Fourteenth Amendment. After the court ordered Shipp to pay the filing fee of $350, Shipp moved for leave to proceed IFP under the Prison Litigation Reform Act, 28 U.S.C. § 1915, asserting that he had $320 in his prison account and no other assets. A copy of the prison trust fund statement, however, showed a balance of five cents.

The court summarily denied the motion in an order citing § 1915 and ordered the fees by paid out of the prison account as the funds became available. Shipp moved to alter or amend judgment, which the court denied. Shipp then filed a notice of appeal from the order denying his motion for leave to proceed IFP, and moved to proceed IFP on appeal. The district court denied leave to proceed IFP on appeal, which this court subsequently granted.

We review a district court's denial of a motion for leave to proceed IFP under § 1915 for abuse of discretion.[1] Martinez v. Kristi Kleaners, Inc., 364 F.3d

_____

[1] The relevant provisions of § 1915 are as follows:
(a) any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the

2

1305, 1306 (11th Cir. 2004). Although the trial court "has wide discretion"in denying an application to proceed IFP, and in civil cases seeking damages, "the courts should grant the privilege sparingly," in denying such applications the court "must not act arbitrarily. Nor may it deny the application on erroneous grounds." Id. at 1306-1307.

When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." Id. at 1307. Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. Id.

Upon review, we conclude that the district court abused its discretion for two reasons. First, Shipp submitted a good faith affidavit to establish indigency using

person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit . . . , shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal . . . (b) if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee.

28 U.S.C. § 1915(a)-(b).

the form provided by the Middle District of Florida. He explained that he was unable to pay the filing fee, he specified the nature of his action, and he attached the balance sheet from his inmate account showing a balance of five cents in his prison trust account and no other assets. See Martinez, 364 F.3d at 1307-1308. Thus, Shipp was unable to make even partial payment under § 1915(b)(1)(B). The statute provides that "in no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Therefore, the court abused its discretion in denying leave to proceed IFP.

Second, the district court did not explain its reasons for denying leave to proceed IFP. Martinez, 364 F.3d at 1307. The only indication from the court is its citation to § 1915. Without more, the court's order does not enable meaningful appellate review.

Accordingly, we VACATE and REMAND.

4