[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10126
Non-Argument Calendar

_____

D. C. Docket No. 08-22416-CV-KMM

WANDA THOMAS,

Plaintiff-Appellant,

versus

SECRETARY OF DEPARTMENT OF VETERANS AFFAIRS,
Dr. James B. Peake,
NANCY BOX,
STEPHEN LUCAS,
ALEX J. FURST,
PAUL MAGALIN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 23, 2009)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

In this case, Wanda Thomas, proceeding pro se, has sued the Secretary of the Department of Veterans Affairs and others for denying her various civil rights. The district court, acting sua sponte, denied her initial complaint for failure to state a claim, but granted her leave to amend. She filed an amended complaint and again sought leave to proceed in forma pauperis ("IFP"). The court denied leave, but allowed her to supplement application for IFP status by filing financial documentation corroborating her monthly income, mortgage, and other expenses. She filed such documentation, but the court denied it. She then moved the court for reconsideration of its ruling, and the court denied her motion—under the impression that she failed to submit proof of her monthly income and her monthly mortgage payment. Thomas now appeals the court's denial of her motion for reconsideration.

We review a district court's denial of an application for IFP status under 28 U.S.C. § 1915(a) and motion for reconsideration for an abuse of discretion. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (IFP); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (reconsideration). "[P]proceeding [IFP] is a privilege, not a right," see Camp v. Oliver, 798 F.2d

2

434, 437 (11th Cir. 1986). The district court therefore has wide discretion in ruling on an application for IFP status, and should grant the privilege "sparingly" in civil cases for damages, see Martinez, 364 F.3d at 1306. However, a district court cannot act arbitrarily or deny the application on erroneous grounds. Id. at 1306-07.

When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." Id. at 1307. A person need not be "absolutely destitute" or reduce herself to a public charge in order to proceed IFP; rather, "an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." Id. A district court may not deny an IFP motion without first comparing the party's assets and liabilities in order to determine whether the party has satisfied the poverty requirement. Id. at 1307-08. Moreover, a district court's review of a party's ability to pay is not limited by the application, as it may "look beyond" the application to determine a party's financial condition. Id. at 1307 n.3 (quotation omitted).

Here, the district court overlooked evidence submitted by Thomas that supported her IFP claim. The court failed to compare her assets against her liabilities to determine whether she satisfied the poverty requirement. The court

3

therefore abused its discretion in denying Thomas's application.

Accordingly, we vacate the district court's order and remand with instructions that the court either grant Thomas IFP status or conduct further proceedings consistent with the foregoing.

VACATED and REMANDED.