**Ujuchris OKEREH, Appellant**

v.

**Raymond Edwin MABUS, Jr.,
Secretary, Department of
the Navy, Appellee.**

No. 09–5073.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 25, 2010.

Ujuchris Okereh, Mitchellville, MD, pro se.

Jane M. Lyons, Assistant U.S. Attorney, Rhonda Lisa Campbell, R. Craig Lawrence, Ronald C. Machen, Jr., Esquire, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, and ROGERS and GARLAND, Circuit Judges.

PER CURIAM.

### *JUDGMENT*

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be reversed and the case remanded.

The district court granted summary judgment in favor of the appellee on the ground—proffered by appellee to the district court—that the appellant's Title VII claims were filed outside Title VII's 90–day limitations period. *See* 42 U.S.C. § 2000e–5(f)(1); *id.* § 2000e–16(c). On appeal, the appellee has declined to defend the grant of summary judgment on that ground, stating that it was "incorrect." Appellee's Br. 8. The appellee contends, instead, that 5 U.S.C. § 7703 provides the correct, 30–day, limitations provision. In light of the appellee's change of position, the judgment cannot be sustained on its original basis, and the case is remanded for further proceedings to address the appellee's new limitations theory.

On remand, the district court should also reexamine the denial of appellant's *in forma pauperis* application, in light of Revised Form AO 240 (Rev. 06/09), now in use by the district court. The revised form seeks additional information relating to the applicant's monthly expenses, debts, and other financial obligations. *See generally Small v. Jones,* No. 06–5399 (D.C.Cir. Aug. 27, 2008) (citing *Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1307–08 (11th Cir.2004)).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).