FILED
United States Court of Appeals
Tenth Circuit

November 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES H. WILLIAMS,

        Plaintiff - Appellant,

v.

CHEROKEE NATION
ENTERTAINMENT, L.L.C.,

        Defendant - Appellee.

No. 11-5107
(D.C. No. 4:11-CV-00360-GKF-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

James Williams appeals from the district court's denial of his motion for leave to proceed in forma pauperis (IFP) to file a complaint and have it served. Finding no error in the district court's ruling, we **AFFIRM**. Mr. Williams also moves this court for leave

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to proceed IFP on appeal. Based upon the updated affidavit and financial declaration Mr. Williams has provided to this court on appeal, we **GRANT** this motion.

"Although the district court's ruling is not a final order, denial by a District Judge of a motion to proceed in forma pauperis is an appealable order under the *Cohen* doctrine." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1310 (10th Cir. 2005) (internal citations omitted). "Consistent with the language of [28 U.S.C.] § 1915(a)(1) that gives a district court discretion to grant permission to proceed IFP, we review the district court's denial of IFP status for an abuse of discretion." *Id.* at 1312 (citing *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004)).

In June 2011, Mr. Williams filed a complaint in the U.S. District Court for the Northern District of Oklahoma against his former employer, Cherokee Nation Entertainment, LLC, alleging he was terminated in violation of the Family Medical Leave Act of 1993. Mr. Williams petitioned the district court for leave to proceed IFP and provided an affidavit alleging he was unemployed and disabled, and thus unable to pay the cost to file his suit. This affidavit, filed June 29, 2011 ("June 29 affidavit"), listed Mr. Williams's assets as including $25.00 in total cash and savings and a vehicle worth $1,000; his total debt included $863.24 for medical bills.[1] Additionally, Mr. Williams reported average monthly income from unemployment benefits and education assistance totaling $2,200, and monthly expenses totaling $300. Based on the information in the

---

[1] Mr. Williams reported his debt in his Motion for Leave to Proceed In Forma Pauperis, filed June 9, 2011.

June 29 affidavit, the district court determined that Mr. Williams was able to pay court fees and costs and therefore denied the petition, without prejudice, on June 30, 2011. This appeal timely followed.

Title 28 U.S.C. § 1915(a)(1) grants a district court authority to "authorize the commencement ... of any suit [or] action ... without prepayment of fees or security therefor," when the individual bringing the petition provides an affidavit and statement showing that he or she is "unable to pay such fees or give security therefor." To bring a successful petition, Mr. Williams "must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the [underlying] action." *Lister,* 408 F.3d at 1312.

The June 29 affidavit reflects Mr. Williams's average monthly income as exceeding his monthly expenses by nearly $1,900. This amount provided sufficient grounds for the court to conclude that Mr. Williams had the financial means to pay court fees and costs. We therefore conclude the district court did not abuse its discretion by denying Mr. Williams's IFP petition. We note that the district court's denial was without prejudice, allowing Mr. Williams leave to re-file his IFP petition if his financial circumstances should change from those reported in the June 29 affidavit. The judgment of the district court in denying Mr. Williams's IFP petition is thus **AFFIRMED**.

Turning to Mr. Williams's motion to this court for IFP status on appeal, we look to the affidavit and financial declaration Mr. Williams filed with this appeal. This more recent affidavit, filed October 6, 2011 ("October 6 affidavit"), indicates that Mr. Williams

presently has no income from any source, including unemployment benefits or education assistance. Mr. Williams states he is living with relatives at no cost, and this assistance is his only means of subsistence. Based upon the information in the October 6 affidavit, we **GRANT** Mr. Williams's motion to proceed IFP on appeal.

In sum, we **AFFIRM** the district court's denial of Mr. Williams's motion to proceed IFP, and we **GRANT** Mr. Williams's motion to proceed IFP on appeal.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge