[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12061
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cv-01217-TCB
Bkcy. No. BKC 10-92864-MGD

THELMA OWENS,

Debtor.

_____

THELMA OWENS,

Plaintiff-Appellant,

versus

GMAC MORTGAGE, LLC,
MCCURDY CANDLER, LLC,
CHASE MORTGAGE,
CLAYTON COUNTY TAX COMMISSIONER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 22, 2012)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Thelma Owens, a debtor proceeding pro se, appeals the dismissal of her bankruptcy appeal for failure to pay the filing fee or to seek leave to proceed in forma pauperis. Owens argues that she never received a bill and that her calls to the bankruptcy court regarding the fee were never returned. We affirm.

In November 2010, Owens filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code. According to the petition, schedules, and creditor filings, Owens's outstanding debts included a real estate loan secured by a home in Fayetteville, Georgia, and held by GMAC Mortgage, LLC. After receiving a deficiency notice, Owens applied to pay her filing fee in installments, which the bankruptcy court granted, and she eventually paid the fee in full.

After Owens filed a proposed repayment plan, GMAC and the Trustee objected to the confirmation of her proposed plan. GMAC argued that the plan was not feasible. The Trustee contended that Owens's schedules were inaccurate

2

or incomplete, her plan payments were delinquent, the proposed period for the plan was too long, 11 U.S.C. § 1322(d), and Owens had failed to disclose her bankruptcy petitions filed in 2007, 2008, and 2010, all of which were dismissed.

The bankruptcy court dismissed Owens's petition and refused to confirm her proposed plan. Owens filed motions for reconsideration and reimposition of the automatic stay. The bankruptcy court denied both motions, and Owens filed an appeal to the district court.

Owens failed to pay the filing fees for her appeal in either the bankruptcy court or the district court. After Owens filed her notice of appeal, the bankruptcy court sent her a document entitled "Notification of Appeal Requirements," which described those parts of the record that had to be sent to the district court. The docket sheet of the bankruptcy court, which Owens sent to the district court as part of the record on appeal, stated in several places that Owens had not paid the required fees for her appeal.

The district court dismissed Owens's appeal on the ground that she had failed either to pay the required filing fee or to file an application to proceed in forma pauperis. Owens later moved the district court to reconsider the dismissal and allow her to pay the fees, but Owens still failed to tender the fees. The district court denied Owens's motion, and she filed a notice of appeal pro se to this Court

and paid the required filing fee.

We review a dismissal for failure to comply with the rules of the court for abuse of discretion. Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). District courts have jurisdiction to hear appeals from final judgments and orders of a bankruptcy court. 28 U.S.C. § 158(a). To appeal an order of the bankruptcy court, the debtor must pay a filing fee of $298 to the bankruptcy court. Id. § 1930; 2011 Bankruptcy Court Misc. Fee Schedule, provision 14. The debtor must also pay a filing fee of $350 to the district court. 28 U.S.C. § 1914(a). As an alternative to paying the filing fee, the debtor may file an affidavit establishing that she is unable to pay. Id. § 1915(a); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

"The right of access to the courts 'is neither absolute nor unconditional.'" Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 516 (11th Cir. 1991)). Conditions on access are necessary to preserve judicial resources for all persons. Id. at 1096. "As the Supreme Court has noted, filing fees in theory discourage frivolous law suits and thus help allocate judicial resources to more meritorious cases." Id.

The district court did not abuse its discretion when it dismissed Owens's appeal. The record supports the finding that Owens failed to pay the filing fees or

submit an application to proceed <u>in forma pauperis</u>.  Owens was repeatedly warned about the insufficiency of her petition and her proposed repayment plan, neither of which she corrected.  Owens paid the initial filing fee only after the bankruptcy court sent her a deficiency notice that her case would be dismissed if she failed to pay the fee.  After the district court dismissed Owens's appeal, she failed to tender the fees for her appeal either before or after filing a motion for reconsideration, and she failed to file an application to proceed <u>in forma pauperis</u>. We affirm the dismissal of Owens's appeal to the district court.

**AFFIRMED.**