[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10457
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-01090-AT-CCH

BATASKI BAILEY,

Plaintiff-Appellant,

versus

EMS VENTURES, INC.,
d.b.a. Rural/Metro Ambulance,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 8, 2012)

Before MARTIN, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Bataski Bailey appeals the district court's denial of his motion for

appointment of counsel and his request for leave to proceed *in forma pauperis* ("IFP") in his employment discrimination action, filed pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").  He also challenges the district court's discovery order, granting him only an additional 45 days of limited discovery.  Under separate order, we have already dismissed Bailey's appeal as to the appointment of counsel and discovery issues for lack of jurisdiction.  For the reasons set forth below, we affirm the district court's denial of IFP status.

## I.

In April 2011, Bailey, who is African American, filed a *pro se* complaint against his employer, EMS Ventures Inc. ("EMS"), alleging claims of race discrimination, hostile work environment, and retaliation, in violation of Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3.  Bailey paid the district court's filing fee of $350 when he filed his complaint.

EMS moved to dismiss Bailey's hostile work environment and retaliation claims, arguing that he failed to exhaust his administrative remedies.  After Bailey's response, the magistrate judge issued a report and recommendation ("R&R") that the district court dismiss those claims without prejudice.  Before the district court ruled on the R&R, Bailey filed a motion for appointment of counsel, which the magistrate denied.  On October 31, 2011, the district court adopted the

2

R&R, and dismissed without prejudice Bailey's complaint, except as to his claim of race discrimination based on disparate treatment.

Thereafter, Bailey filed an application to proceed IFP, a second motion for appointment of counsel, and a request for the district court to extend the discovery deadline for an additional 60 days. The magistrate denied Bailey's requests for IFP status and appointment of counsel, and Bailey appealed that decision to the district court. As to Bailey's IFP application, the magistrate noted that his request to proceed without prepaying fees was moot because Bailey had paid the required filing fee at the time when he filed his complaint. Subsequently, EMS filed a motion for summary judgment as to Bailey's remaining race discrimination claim.

On January 17, 2012,[1] the district court denied Bailey's appeal from the magistrate's denial of both his application to proceed IFP and his second motion for appointment of counsel. Moreover, even though the magistrate had not addressed Bailey's request for an extension of the discovery period, the court granted a limited 45-day extension.

On January 20, 2012, Bailey filed the instant notice of appeal, as well as a request for the district court to stay the proceedings pending this Court's

---

[1] The signed order reflects the date of January 17, 2011. However, in light of the time line of the case, this date appears to be a typographical error.

3

resolution of his appeal.  He also requested reconsideration of the court's discovery ruling.  On January 31,  2012, the district court granted Bailey's motion to stay the proceedings pending this appeal, but denied his request to reconsider its discovery order.

On April 2, 2012, we issued an order *sua sponte* dismissing Bailey's appeal, in part, for lack of jurisdiction.  Specifically, we stated that the district court's order, "to the extent that it affirmed the magistrate judge's denial of []Bailey's motion to appoint counsel, is not interlocutorily appealable."  We noted, however, that the district court's denial of Bailey's IFP motion was immediately appealable.

On April 4, 2012, EMS filed a motion to dismiss Bailey's appeal, to the extent that he challenged the district court's discovery ruling.  After Bailey filed a response, we granted EMS's motion.  In so doing, we explained that we lack jurisdiction to review an interlocutory appeal that challenges a discovery ruling because orders granting or denying discovery are not "final orders" within the meaning of 28 U.S.C. § 1291.

## II.

We review a district court's denial of a motion for leave to proceed IFP, under 28 U.S.C. § 1915, for abuse of discretion.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).  Section 1915 provides that a district court

4

may grant IFP status to permit an indigent litigant to proceed without prepayment of fees in certain circumstances.  28 U.S.C. § 1915.  Under Article III of the Constitution, federal courts may hear only active cases or controversies.  *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1250 (11th Cir. 2008).  "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993).  Moreover, "[d]ismissal of a moot case is required because mootness is jurisdictional."  *Sierra Club v. U.S. E.P.A.*, 315 F.3d 1295, 1299 (11th Cir. 2002).  Finally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.  *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir. 2008).

As an initial matter, although Bailey mentions that he is unable to afford litigation costs and in his conclusion makes a request for IFP status "for the remainder of this litigation," his appeal brief focuses almost exclusively on challenging the district court's denial of appointment of counsel and its order granting him only an additional 45 days of limited discovery.  However, we have dismissed Bailey's appeal as to the appointment of counsel and discovery issues.  Specifically, we concluded that the district court's denial of Bailey's request for appointment of counsel is not interlocutorily appealable, and that the district court's discovery order was not a final order within the meaning of § 1291.

5

Further, because Bailey fails to present any arguments regarding the denial of IFP status to proceed in the district court, he has abandoned this claim on appeal. *See Timson,* 518 F.3d at 874. Moreover, even if Bailey had not abandoned his IFP argument, the district court lacked jurisdiction to grant him IFP status because he paid the filing fee at the time when he filed his complaint, which rendered moot his request for leave to proceed without the prepayment of fees.

For the foregoing reasons, we affirm the denial of IFP status.

**AFFIRMED.**