[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11015
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-24265-JLK

JUNHAO SU,

Plaintiff-Appellant,

versus

FLORIDA INTERNATIONAL UNIVERSITY,
BOWLING GREEN STATE UNIVERSITY,
WILLIAM M. KURTINES,
THE BOARD OF TRUSTEES OF FLORIDA INTERNATIONAL UNIVERSITY,
THE BOARD OF TRUSTEES OF BOWLING GREEN STATE UNIVERSITY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 5, 2013)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Junhao Su appeals <u>pro se</u> the denial of his motion for relief from an order that denied his application to proceed in forma pauperis. <u>See</u> Fed. R. Crim. P. 60(b). Because the district court abused its discretion when it denied Su's motion, which argued that the district court applied an incorrect legal standard in denying the application, we vacate the order denying Su's motion for relief and remand with instructions for the district court to reconsider Su's application.

Su filed a complaint against Florida International University and Bowling Green State University and an application to proceed in forma pauperis. The district court denied Su's application on the ground that it was "without sufficient funds to finance the prosecution of civil litigants." Su then paid his filing fee.

Su moved for relief from the order denying his application. Su challenged the determination that budgetary restraints prevented him from proceeding without the prepayment of fees and requested "leave to proceed in forma pauperis." Su submitted a letter from the Clerk stating that "[t]here was no set amount of funding for IFP applications" and the decision "[w]hether petitions are granted or not does not depend upon available funding."

The district court denied Su's motion. <u>See id.</u> The district court ruled that Su "produced no . . . evidence" that he would "suffer a substantial injustice" from having his application denied because he was able to "borrow the $350 filing fee."

2

The district court stated that it had "broad discretion to deny an application to proceed without prepayment," and it rejected as "irrelevant" Baker's argument about "[t]he frequency with which . . . applications [had been] granted."

We review the denial of a motion for relief from a judgment for an abuse of discretion. Rice v. Ford Motor Co., 88 F.3d 914, 918 (11th Cir. 1996). An abuse of discretion occurs when the district court "applies an incorrect legal standard, follows improper procedures in making the determination, ... makes findings of fact that are clearly erroneous . . . [or] appl[ies] the law in an unreasonable or incorrect manner." Klay v. Humana, Inc., 382 F.3d 1241, 1251 (11th Cir. 2004). A party may move for relief from a judgment for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), and that motion "is to be given a liberal and remedial construction," Nisson v. Lundy, 975 F.2d 802, 807 (11th Cir. 1992).

The district court abused its discretion when it denied Su's motion for relief. Su argued that the district court applied an incorrect legal standard in determining that the right to proceed without the prepayment of costs was "depend[ent] upon available funding." When a district court considers an application to proceed in forma pauperis, "[t]he only determination to be made . . . is whether the statements in the affidavit satisfy the requirement of poverty." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976)). And Su's argument is not moot based on his payment of the

3

filing fee because a litigant who proceeds in forma pauperis is entitled to other benefits in addition to the waiver of a filing fee, like having process and subpoenas served by officers of the court.  See 28 U.S.C. § 1915(d).  Because the district court applied the wrong standard when ruling on Su's application, we vacate the order that denied Su's motion for relief and remand for the district court to reconsider Su's application.  On remand, the district court should determine whether Su satisfied the poverty requirement and "provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate review." Martinez, 364 F.3d at 1307.

**VACATED AND REMANDED**.