[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10265
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00009-CDL

JAMES R. THOMAS, JR.,
SABRINA R. THOMAS,

Plaintiffs-Appellants,

versus

CHATTAHOOCHEE JUDICIAL CIRCUIT,
GOVERNOR OF GEORGIA,
ATTORNEY GENERAL, STATE OF GEORGIA,
LAURA MARION,
Clerk, Superior Court,
KIA AUTO SPORT OF COLUMBUS, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 9, 2014)

Before PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

James and Sabrina Thomas ("the Thomases"), proceeding *pro se*, appeal the district court's denial of their motion for leave to proceed *in forma pauperis* ("IFP") in proceedings on their 42 U.S.C. § 1983 civil-rights complaint. The Thomases argue that the district court abused its discretion by failing to compare their assets to their liabilities and improperly basing the denial solely on the fact that their annual income was in excess of the amount set by the Department of Health and Human Services ("HHS") 2013 Poverty Guidelines. After review of the record and consideration of the Thomases' brief, we vacate and remand.

In the case, the Thomases filed suit against various state officials, judges, law firms, and private companies, alleging racial discrimination under § 1983 and claims under state tort law. The Thomases' complaint was accompanied by a motion for leave to proceed IFP, pursuant to 28 U.S.C. § 1915. A magistrate judge denied the IFP motion on the basis that the Thomases' collective annual income— over $35,000—"far exceed[ed]" the HHS Poverty Guidelines, which set the poverty threshold for a three-member household[1] at $19,530 annually. The magistrate judge did not otherwise compare the Thomases' assets to the liabilities reported in their application. The Thomases appealed the magistrate judge's ruling

---

[1] The Thomases have one daughter.

to the district court, which affirmed the denial of the IFP motion.  This appeal followed.  We granted leave to proceed IFP on appeal.

We review the denial of a motion for leave to proceed IFP under § 1915 for an abuse of discretion.  *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).  "[P]roceeding [IFP] is a privilege, not a right."  *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).  A district court has wide discretion in ruling on an application for leave to proceed IFP and should grant the IFP privilege "sparingly" in civil cases for damages.  *Martinez*, 364 F.3d at 1306.  However, a district court cannot act arbitrarily or deny the application on erroneous grounds. *Id.* at 1306-07.

When assessing whether a plaintiff is indigent for purposes of § 1915, "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."  *Id.* at 1307 (quotation marks omitted).  An application for leave to proceed IFP "need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915."  *Id.*  An application "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  *Id.*  A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement.  *See id.* at 1307-08.

3

The sole reason given by the magistrate judge for the denial of the Thomases' IFP motion—that the Thomases' annual income exceeded the poverty threshold set by the HHS Poverty Guidelines—was insufficient to deny an IFP motion, because litigants need not show that they are "absolutely destitute" to qualify for IFP status under § 1915. *See id.* at 1307 & n.5 (noting that the movant's income was above the poverty line but finding that her sworn statement that she was a pauper and unable to pay court costs was "sufficient on its face to demonstrate economic eligibility" for IFP status). In their application, the Thomases swore that they were unable to pay the filing fee because of their poverty. Because this statement was sufficient on its face to allege poverty, the district court should have compared the Thomases' assets to their liabilities to determine whether they, in fact, had satisfied the poverty requirement before denying their IFP motion on that basis.

Accordingly, we vacate the district court's order and remand for proceedings consistent with this opinion, including, if appropriate, review for whether the Thomases' complaint is frivolous or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); *Martinez*, 364 F.3d at 1308.

**VACATED and REMANDED.**

4