[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12062
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00799-JES-CM


JAMAAL ALI BILAL,
f.k.a. John L. Burton,
a.k.a. Superman,

                                                            Plaintiff-Appellant,

versus

FNU FENNICK,
FCCC Shift Supervisor,
FNU CLARKE,
C.O.,
MARK SNYDER,
FCCC Investigator,
FNU MECHELIS,
C.O.,
RICK SLOAN,
Chaplain,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 25, 2018)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jamaal Ali Bilal, a civilly committed detainee proceeding *pro se*, appeals the denial of his motion for leave to proceed *in forma pauperis* ("IFP") in a 42 U.S.C. § 1983 civil-rights action seeking "nominal" damages, the return of certain property, and the reinstatement of his kosher meals. Under a liberal construction of his brief on appeal, he argues that the filing injunction on which the district court based its denial did not apply to this action. We agree, so we vacate and remand.

In 1999, a district judge in the Northern District of Florida entered a filing injunction against Bilal based on "his abuse of the judicial process." The injunction placed certain restrictions on Bilal's filing of "new civil actions in the United States District Court for the Northern District of Florida in which monetary damages or injunctive or declaratory relief is sought." Among other restrictions, Bilal could not be granted leave to proceed IFP unless he credibly alleged imminent danger of serious physical injury.

2

In 2016, a district judge in the Middle District of Florida relied on that same filing injunction to deny Bilal's motion to proceed IFP in this action. The court found that his complaint did not allege imminent danger of physical injury, as required by the injunction. The court therefore directed Bilal to pay the full filing fee or suffer dismissal of the action. Bilal moved for relief from the court's order and, when that motion was denied, then filed this appeal.

Orders denying leave to proceed IFP in non-prisoner cases are immediately appealable as final decisions.[1] *Flowers v. Turbine Support Div.*, 507 F.2d 1242 (5th Cir. 1975).[2] We review a district court's denial of a motion to proceed IFP for an abuse of discretion. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Although a trial court has wide discretion to deny an IFP application, the court may not deny the application on erroneous grounds. *Id.*

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions[,]" including a litigant's abuse of the judicial process. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (*en banc*). Great deference is generally due the "the interpretation placed on the terms of an

---

[1] As a civilly committed detainee, Bilal is not subject to the special IFP provisions of the Prison Litigation Reform Act. *See Troville v. Venz*, 303 F.3d 1256, 1259–60 (11th Cir. 2002) (holding that "the PLRA's restrictions on actions brought by prisoners do not apply to civilly committed detainees").

[2] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

injunctive order by the court who issued and must enforce it." *Williams v. City of Dothan, Ala.*, 818 F.2d 755, 760 (11th Cir. 1987) (quotation marks omitted). But the interpretation of an injunction must be "reasonable," and the injunction "may not be expanded beyond the meaning of its terms absent notice and an opportunity to be heard." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002).

Here, the district court denied Bilal's IFP motion on an erroneous ground. The court relied solely on the 1999 filing injunction, concluding that Bilal could not proceed IFP because he did not allege imminent danger of physical injury. But the filing injunction, by its terms, applied to only "new civil actions in the United States District Court for the Northern District of Florida." It did not purport to place any conditions or restrictions on new civil actions in other courts, including the Middle District of Florida, where Bilal filed this action. So the filing injunction cannot reasonably be interpreted to apply to Bilal's current action. *Cf. id.* at 1297 (concluding that language in an injunction prohibiting a litigant from filing in "state court, federal court or any other forum" was broad enough to be construed as prohibiting the litigant from filing complaints with federal and state administrative and executive agencies and departments). And the injunction cannot be "expanded beyond the meaning of its terms absent notice and an opportunity to be heard," which were not provided here. *Id.* at 1296.

Accordingly, the district court erroneously denied Bilal's IFP application based solely on a filing injunction that did not apply to the forum where he filed his complaint.  We therefore vacate and remand for further proceedings.

**VACATED AND REMANDED.**