[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11952
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-21283-FAM


ADEM ALBRA,

Plaintiff-Appellant,

versus

THE BOARD OF TRUSTEES FOR MIAMI DADE COLLEGE,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 4, 2020)


Before MARTIN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this interlocutory appeal, Adem Albra, proceeding pro se, appeals the district court's denial of his motion for leave to proceed in forma pauperis ("IFP") in his civil action against the Board of Trustees for Miami Dade College ("the Board"). Reversible error has been shown; we reverse the denial of Albra's IFP motion, vacate the dismissal of Albra's civil action, and remand for further proceedings.

Together with his civil complaint, Albra filed in the district court a form application for leave to proceed IFP. On the form, Albra alleged that he had been unemployed since February 2012. Albra said he had $10 in his bank account, owned a car worth $800, and owed $3500 in credit card debt. Albra declared under penalty of perjury that the information on the IFP form was true. Albra also moved to have the United States Marshals Service serve process on the Board once his IFP motion was granted. Without explanation, the district court denied Albra's IFP motion and denied as moot Albra's motion for service of process.

Albra moved for reconsideration of his motions. Albra asserted he had no income and had received no other means of support for over seven years. Albra contended he was unable to work because of the Board's conduct that was the subject of his complaint. Albra also identified two other instances in which he had

2

been granted IFP status based on a nearly identical application: once by this Court in an unrelated appeal in 2019 and once by the district court in a case filed one month after Albra filed this civil action.  Without explanation, the district court denied Albra's reconsideration motion.

In May 2019, Albra filed a notice of appeal challenging the district court's denial of IFP.  Albra moved the district court for leave to proceed IFP on appeal. In support of that motion, Albra said he owned a car worth $300 and a home worth $101,000 on which he owed $86,000.  Albra also alleged he received $174 per month in public assistance and had $1050 in monthly expenses.  The district court denied Albra's IFP motion with this explanation: "According to Plaintiff's own affidavit, he owns a home and a car, and has not even attempted, in more than twelve years since February 5, 2007, to seek employment, despite no apparent reason for being unable or unwilling to do so."  This Court later granted Albra leave to proceed IFP on appeal.[*]

_____

[*] We note that Albra first listed his ownership interest in a house when he applied for leave to proceed IFP on appeal.  In seeking IFP status in the district court and then on appeal, Albra completed two different standard affidavit forms: one supplied by the district court and one supplied by this Court.  On the district court's form, Albra made no mention of owning a house. Then, on this Court's form -- which provided a separate line prompting applicants to list "Home (Value)" -- Albra said he owned a house valued at $101,000 on which $86,000 was still owed.

That Albra appears to have some equity in his house, however, has no impact on the outcome of this appeal.  The district court's denial of IFP at issue here was based upon information Albra provided on the district court's form, which listed no house.  Nor did the district court indicate that its ruling was based on a supposed misrepresentation made on the affidavit of indigency. Moreover, in granting Albra leave to proceed IFP on appeal and concluding that Albra qualified

In July 2019 -- while this appeal was pending -- the district court sua sponte ordered Albra to show cause why his civil action should not be dismissed for failure to serve the summons and complaint on the Board within 90 days.  In response, Albra explained he was unable to afford service of process and that resolution of this interlocutory appeal about his eligibility for IFP status affected directly his ability to effect service on the Board.  Albra also moved to stay the district court proceedings pending resolution of this appeal.  The district court denied the motion to stay and dismissed without prejudice Albra's civil action for failure to serve the Board in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

We review the denial of a motion for leave to proceed IFP for abuse of discretion.  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004).  A district court "may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees."  28 U.S.C. § 1915(a)(1).  A district court has "wide discretion" to deny a litigant leave to proceed IFP but may not act arbitrarily or deny such leave based on erroneous grounds.  Martinez, 364 F.3d at 1306-07.

as indigent, this Court took into consideration Albra's allegation that he had $7,000 in equity in the jointly-owned house.

4

When considering an IFP motion, "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." Id. at 1307 (alteration omitted). Absent serious misrepresentation, an affidavit of poverty should be accepted and "need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." Id. The affidavit "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Id.

When the IFP affidavit demonstrates economic eligibility on its face, "the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." Id. at 1307 (alteration omitted). The district court must also provide enough reasoning for its ruling on an IFP motion to permit meaningful appellate review. Id. at 1307-08 (vacating and remanding the district court's unexplained denial of IFP status).

Under the circumstances of this case, the district court's denial -- without explanation -- of Albra's motions for leave to proceed IFP and for reconsideration of that denial constituted an abuse of discretion. In his affidavit, Albra alleged (under penalty of perjury) that he had no income, very little money or assets, and was subject to some debt. In the light of these sworn allegations, Albra's affidavit was sufficient on its face to satisfy the poverty requirement of section 1915(a). By

5

denying Albra's IFP motion -- without explanation -- the district court abused its discretion.

Moreover, even if we look to the language in the district court's later order denying Albra's motion for leave to proceed IFP on appeal as some hint of the district court's reason for earlier denying Albra IFP status in the district court -- that reasoning largely falls outside the scope of the pertinent inquiry. At this early stage, the district court was limited to considering only whether the allegations in Albra's affidavit satisfied the poverty requirement: the reasons for Albra's unemployment are not pertinent to that inquiry. Accordingly, we vacate the denial of Albra's motion for leave to proceed IFP in the district court.

We next address on our own accord the district court's dismissal of Albra's civil action for failure to comply with the rules governing service of process. So we must set straight a matter of basic jurisdiction. Once Albra filed timely his notice of appeal, the district court lost jurisdiction to act further in this case, except in aid of this appeal or on matters collateral to this appeal. See Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003).

The district court dismissed Albra's civil action for failure to serve the Board in compliance with Rule 4(m). But if Albra succeeded in demonstrating his eligibility to proceed IFP -- a matter at issue in this appeal -- Albra would also be entitled to have service made by a United States Marshal per his request. See 28

6

U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3). The district court's ruling about Albra's failure to effect proper service of process was neither in aid of this appeal nor on a matter collateral to this appeal; the district court thus lacked jurisdiction -- just had no power -- to dismiss Albra's civil action for failure to make service.

We reverse the denial of Albra's motion for leave to proceed IFP in the district court. We also vacate for lack of jurisdiction the district court's dismissal without prejudice of Albra's civil action. We remand for further proceedings consistent with this opinion.

REVERSED IN PART; VACATED AND REMANDED.