[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13104
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-01082-ELR

JEFFREY BOURASSA,

Plaintiff-Appellant,

versus

GREGORY DOZIER, Commissioner,
HOMER BRYSON, former GDC Commissioner,
TIMOTHY WARD, Assistant Commissioner,
JACK KOON, Facilities Director,
STEVE UPTON, Deputy Facilities Director, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 19, 2020)

Before BRANCH, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Jeffrey Bourassa, a state prisoner proceeding pro se, appeals the district court's dismissal without prejudice of his civil rights complaint and denial of his motion to vacate the dismissal order. Bourassa argues the district court erred in: (1) dismissing his complaint based on his failure to provide a copy of his inmate account statements; (2) overlooking, in denying his motion to vacate, a letter he sent requesting a copy of an account statement; (3) limiting any amended complaint to ten pages; and (4) denying as moot his second motion to review his request to proceed in forma pauperis (IFP). After review, we affirm.

## I. DISCUSSION

*A. Dismissal of Complaint and Denial of Motion to Vacate*

A prisoner who seeks to proceed IFP must comply with the requirements of 28 U.S.C. § 1915(a). The prisoner is required to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit shall also state "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id.* Additionally, the prisoner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the

2

complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." *Id.* § 1915(a)(2).

When considering an applicant's affidavit, "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (alteration, ellipsis, and quotation marks omitted). Absent serious misrepresentation, an affidavit of poverty should be accepted and "need not show that the litigant is absolutely destitute to qualify for indigent status under § 1915." *Id.* (quotation marks omitted). The affidavit "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

Bourassa submitted six IFP affidavits containing inconsistent information, none of which was accompanied by an inmate account statement. Based on his argument prison officials refused to provide him with copies of the account statements, the magistrate judge asked Bourassa to substantiate his claims by providing details about the requests he had made. Bourassa was unable to do so. Bourassa explained he had been transferred among several institutions but was primarily confined to Hays State Prison in the six-month period prior to filing the instant complaint. However, he failed to provide the specific dates of his requests for account statements, copies of the requests or their denials, or the names of

officials to whom requests were made.  The magistrate judge therefore concluded

the court could not directly inquire, with Bourassa's institutions, into Bourassa's

inability to obtain his account statements, and moreover, that his "incomplete,

inconsistent, and evasive filings" demonstrated bad faith.  The district court

agreed.

The district court did not abuse its discretion in dismissing Bourassa's

complaint on this basis.  *See Martinez*, 364 F.3d at 1306-07 (providing the denial

of a motion for leave to proceed IFP is reviewed for an abuse of discretion and

noting district courts must not act arbitrarily or deny the motion on erroneous

grounds).  We have held a prisoner's complaint should not be dismissed where his

"failure to pay his filing fee may be caused by circumstances beyond his control,"

and that a district court must take reasonable steps, including direct communication

with a custodial institution, to determine whether a prisoner has complied with an

order directing the payment of fees.  *See Wilson v. Sargent*, 313 F.3d 1315, 1321-

22 (11th Cir. 2002) (vacating dismissal for failure to pay fees where the district

court did not inquire whether a prisoner proceeding IFP had requested that prison

officials withdraw partial filing fee).  Nevertheless, the district court's dismissal

was not an abuse of discretion because Bourassa was unable to provide any

documentation to corroborate his claims prison officials refused to provide account

statements, despite having ample time and opportunity to request account

statements during the litigation. Moreover, the district court found Bourassa's inconsistent affidavits demonstrated bad faith.

Bourassa advances several arguments on appeal, contending the district court ignored evidence—namely his own statements made under penalty of perjury—and never specifically directed him to file another request for an inmate account statement. These arguments are unavailing, as the district court did consider Bourassa's personal statements but asked for further documentation, in place of the account statements Bourassa could not provide, and the requirements for prisoners proceeding IFP are set out by statute and were made known to Bourassa early in the case. We further reject Bourassa's contention that the framework for analyzing the exhaustion of administrative remedies under 42 U.S.C. § 1997e(a) applies here.[1]

With respect to the denial of his motion to vacate, Bourassa argues the district court failed to consider a letter he sent to Georgia Diagnostic and Classification Prison in May 2019 requesting a copy of his account statement. Nevertheless, the court did not abuse its discretion in denying Bourassa's motion to vacate for several reasons. *See Conn. State Dental Ass'n v. Anthem Health Plans,*

---

[1] In dismissing the complaint without prejudice, the district court indicated Bourassa was not precluded from filing a new complaint, but any such complaint must use the court's standard form and not exceed ten pages of attachments. Bourassa challenges this page limitation, but we need not reach this issue, as Bourassa has waived any right to amend by appealing the dismissal order. *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260-61 (11th Cir. 2006).

*Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009) (11th Cir. 1993) (providing the denial of a motion to vacate or amend a judgment is reviewed for an abuse of discretion). First, the letter was written after the magistrate judge issued the final report and recommendation (R&R) on which dismissal was based, at which point Bourassa's action had already been pending for over a year without the payment of fees. Second, Bourassa incorrectly stated the letter was attached to his motion to vacate, when it was in fact attached to his objections to the R&R, so the district court's conclusion Bourassa had not attached a copy of the letter to his motion was not inaccurate.  To the extent the court did not consider the letter in conjunction with Bourassa's objections to the R&R, it was within the court's discretion to decline to do so.  *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding a district court has the discretion to decline to consider arguments that were not presented to the magistrate judge).  Finally, a single request for an account statement made more than a year after Bourassa filed the complaint and after the magistrate judge recommended dismissal does not undermine the court's finding Bourassa acted in bad faith.

B.  *Denial of Motion as Moot*

In conjunction with its dismissal order, the district court also denied as moot Bourassa's second motion to review his request to proceed IFP, in which Bourassa asked the court to review his IFP application without an account statement or order

prison officials to provide an account statement. Bourassa argues the court should have reached the merits of the motion prior to dismissal, but the district court did not err in denying the motion as moot. *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (providing mootness is a question of law we review de novo). Based on the R&R, and after considering Bourassa's objections, the court dismissed Bourassa's complaint without prejudice based on his failure to submit the required account statements and on a finding of bad faith. At that point, there was no longer a live case or controversy with respect to which the court could grant meaningful relief, and no reason to consider whether IFP status might be analyzed without an account statement or whether Bourassa's institutions should be contacted directly. The motion was therefore moot. *See id.* (indicating a case is moot when events occur that deprive a court of the ability to grant meaningful relief).

## II. CONCLUSION

For the reasons above, the district court did not abuse its discretion in dismissing Bourassa's complaint or denying Bourassa's motion to vacate the dismissal order, and it did not err in denying as moot his second motion to review his request to proceed IFP. Accordingly, we affirm.

**AFFIRMED.**

7