[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11663

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERNEST PATTON,
a.k.a. Spanky,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:94-cr-00339-MLB-JED-1

—————————————

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Ernest Patton, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act.[1]  On appeal, he argues that the district court erred in denying his motion for several reasons, including because he established extraordinary and compelling reasons for his release. The government responds by moving for summary affirmance, arguing that the district court properly concluded that: (i) Patton failed to establish a qualifying extraordinary and compelling reason; (ii) a sentence reduction was not appropriate based on the 18 U.S.C. § 3553(a) factors; and (iii) he continued to be a threat to the community.

After careful review, we grant the government's motion for summary affirmance.[2]

—————————————

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[2] Patton has filed a financial affidavit, which shows that he cannot pay the appellate filing fee. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam).  Because Patton seeks leave to proceed in forma pauperis, his appeal is subject to a frivolity determination.  *See* 28 U.S.C. § 1915(e)(2). An action "is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).  We DENY his motion, concluding that he could not raise an issue of arguable merit as to the

## I.

In 1994, a federal grand jury charged Patton with participating in an enterprise as defined in the Racketeer Influenced and Corrupt Organizations Act (Count I); conspiracy to participate in a pattern of racketeering activity (Count II); tampering with a witness (Count III); and committing a murder in aid of racketeering (Count IV). At trial, the government introduced evidence, showing that Patton was the leader of a large scale drug distribution organization over the course of almost a decade. After one of his associates—Melvin Burnett—agreed to cooperate with the authorities, Patton secured the services of a gang in order to murder Burnett and to prevent him from testifying before a grand jury. In 1994, Burnett was shot fourteen times at close range and murdered by the gang Patton had retained. After the murder, Patton fled to California and assumed a false identity. He remained involved with cocaine distribution, however. He was ultimately apprehended nearly two years later, with drugs and false identification documents in his possession.

The jury found Patton found guilty on Counts I and II, but acquitted Patton on Counts III and IV. At sentencing, the district court considered everything, including acquitted conduct, to sentence Patton to 240 months' imprisonment for Count One, followed by 240 months' imprisonment for Count Two, to be served consecutively, for a total sentence of 480 months' imprisonment.

denial of his motion for compassionate release for the same reasons that we grant the government's motion for summary affirmance.

In 2021, Patton filed his instant pro se motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposed Patton's motion, urging the district court to deny it based on our decision in *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), which held that compassionate release movants must show an extraordinary and compelling reason under U.S.S.G. § 1B1.13, cmt. (n.1).

The district court ultimately denied Patton's motion for three reasons. First, it found he had not shown extraordinary and compelling circumstances justifying his compassionate release. Second, it found that the 18 U.S.C. § 3553(a) factors did not weigh in favor of Patton's release. Third, the district court reasoned that it could not find that Patton was not a danger to the safety of any other person or to the community. Patton timely appealed.

## II.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).[3]

---

[3] We are bound by decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, Ala., 661 F.2d 1206 (11th Cir. 1981) (en banc).

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). But under the First Step Act, the Director of the Bureau of Prisons (BOP) or a defendant may motion the court for a reduction, and the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable *if it finds that . . . extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). It is the defendant's burden to show that his circumstances warrant a sentence reduction. *Id.*

Section 3582(c)(1)(A) also requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission. *Id.* § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A).

The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical

condition, (B) his age, (C) his family circumstances, including the death of a caregiver of a minor child, and (D) *"other reasons."* U.S.S.G. § 1B1.13 cmt. (n.1(A)–(D)) (emphasis added). Subsection D serves as a catch-all provision, providing that a prisoner may be eligible for relief if, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. cmt. (n.1(D)).

Section 1B1.13 says that extraordinary and compelling reasons exist if the defendant is suffering from, among other things, a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *Id*. cmt. (n.1(A)(i)).

In *Bryant*, we concluded that § 1B1.13 applies to all motions for compassionate release filed under § 3582(c)(1)(A), including those filed by prisoners, and thus a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." 996 F.3d at 1252–62. And we concluded that the catch-all provision in the commentary to § 1B1.13 did not grant to district courts, together with the BOP, the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id*. at 1248, 1263, 1265.

The § 3553(a) factors include, among other things, the nature and circumstances of the defendant's offense, his history and

characteristics, and the need to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).  The compassionate-release policy statement also requires district courts to determine that a defendant is no longer a danger to the safety of others or to the community as provided in 18 U.S.C. § 3142(g).  U.S.S.G. § 1B1.13(2).

"Under § 3582(c)(1)(A), the court must find that all necessary conditions are satisfied before it grants a reduction."  *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam).  Accordingly, the absence of any one of the necessary conditions—extraordinary and compelling reasons, support in the 18 U.S.C. § 3553(a) factors, and adherence to U.S.S.G. § 1B1.13's policy statement—forecloses a sentence reduction.  *Id.* at 1240.

Even construing Patton's brief liberally, *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021), he does not argue that his age or family circumstances were extraordinary and compelling reasons for his release and thus has abandoned that argument, *Timpson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  While Patton asserted generally that his medical conditions might amount to an extraordinary and compelling reason for release, he did not explain his conditions in any detail nor establish that he could not manage his health conditions in the prison context.  *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

Patton's primary argument rests on that the district court should have applied the catch-all provision.  U.S.S.G. § 1B1.13 cmt. (n.1(D)).  But Patton's argument is misplaced.  We rejected the idea

in *Bryant* that the catch-all provision in the commentary to § 1B1.13 provided district courts the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Bryant*, 996 F.3d at 1248, 1263, 1265. Patton's arguments—about COVID-19, prison conditions, and violations of his rights at sentencing—go to this issue, and so all fail because the district court could not develop other reasons outside those listed in § 1B1.13. *Bryant*, 996 F.3d at 1248, 1263, 1265. Therefore, Patton did not show an extraordinary or compelling reason for granting him compassionate release under § 1B1.13.[4]

For these reasons, we conclude the government's position is clearly correct as a matter of law, so we grant the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**

---

[4] We also conclude that the district court did not abuse its discretion in concluding that Patton failed to establish that the § 3553(a) factors weighed in favor of his release. And likewise, we conclude that the district court did not abuse its discretion in concluding that Patton still posed a danger to the community. U.S.S.G. § 1B1.13(2); 18 U.S.C. § 3142(g).